LABORDE, Judge.
Plaintiff, Frances Ray, appeals the decision of the lower court sustaining defendant’s, Alexandria Mall Company, peremptory exception of prescription. We affirm. The sole issue presented on appeal is whether the lower court was correct in sustaining the exception and thereby dismissing Ray’s suit.
Frances Ray filed suit on February 4, 1982, alleging that on February 18, 1981, she slipped and fell inside the Alexandria Mall. Ray named the Alexandria Mall, a non-existent legal entity, as the sole defendant describing it as a “corporation organized under the laws of Louisiana”. On February 8, 1982, the general manager of the mall was served with the petition.
On February 24, 1982, a declinatory exception of insufficiency of service of process was filed by the Alexandria Mall Company. This exception alleged that the mall was owned by a partnership which had not been properly served pursuant to the Louisiana Code of Civil Procedure. This exception was sustained by the lower court.
On March 11, 1982, Ray amended her petition in order to name the Alexandria Mall Company as the proper defendant. On *1246 March 18, 1982, Alexandria Mall Company filed a peremptory exception of prescription based on the fact that it was not named as a defendant nor served within one year of the occurrence of the cause of action. The trial court sustained this exception finding that Ray’s cause of action had prescribed. Ray appeals this adverse ruling.
Ray contends that her first supplemental and amending petition filed on March 11, 1982, which named the proper defendant, should relate back to the filing of the original petition. If this is the case then prescription as to the Alexandria Mall Company is interrupted and the ruling of the lower court is incorrect.
We reject this contention as did the lower court. Ray’s original petition named a defendant that did not legally exist. The supplemental and amending petition which named the Alexandria Mall Company as the proper defendant, was not filed until after the prescriptive date. Under Louisiana law, an amending petition to correct a misnomer does not relate back to the filing of the original petition. Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., 296 So.2d 271 (La.1974); Hill v. Provozano, 377 So.2d 378 (La.App. 4th Cir.1979). Therefore, since Ray’s amending petition does not relate back to the filing of her original petition, prescription was not interrupted.
Ray’s second contention is that service of process on the general manager of the mall interrupted prescription as to the Alexandria Mall Company.
Where service of process is the legal act which interrupts the running of prescription, the proper person as designated by law must be served before service of process will interrupt the running of prescription. Conner v. Continental Southern Lines, Incorporated, 294 So.2d 485 (La.1974). The record shows that the general manager of the mall is not the person qualified to accept service for the partnership, Alexandria Mall Company. Service on a partnership is made by personal service on a partner. LSA-C.C.P. Article 1263. Since the proper person as designated by law was not timely served, prescription was not interrupted.
Therefore, since a suit was not timely filed against the Alexandria Mall Company and since proper service was not made upon the Alexandria Mall Company within the prescriptive period, Ray’s claim has prescribed.
For the foregoing reasons, the judgment of the lower court is affirmed and all costs are assessed to plaintiff, Frances Ray.
AFFIRMED.