CRAIN, Judge.
This is an appeal by the plaintiff of a judgment of the trial court maintaining the exception of prescription filed by the defendants.
On August 31, 1978, the plaintiff, Danny Ray Gunter, filed suit against Dr. Herbert K. Plauche for personal injuries involving the performance of two knee operations on plaintiffs left knee. On September 4,1980, plaintiff filed an amending and supplemental petition alleging the two operations were performed without the “informed consent” of the plaintiff.
The case was tried before a jury on October 7-8, 1980. At the close of plaintiffs case both the plaintiff and defendant moved for a directed verdict, which was granted to the defendant on the grounds that there was no evidence upon which a malpractice verdict could be based. This court on May 26, 1981, reversed the trial judge and remanded the case for a new trial. It was the opinion of this court that reasonable persons might possibly arrive at a verdict for plaintiff on the grounds that plaintiff was denied the right of “informed consent.” Gunter v. Plauche, 399 So.2d 727 (La.App. 1st Cir.1981). The new jury trial took place on January 26-28, 1982, with a verdict being reached awarding the plaintiff $175,000.00 based upon failure to. obtain the “informed consent” of the plaintiff.
On the second day of the trial, defendants filed a peremptory exception of prescription as to the amended petition alleging failure to obtain informed consent. The trial judge took no action on the exception at that time. After the verdict of the jury, the judge refused to sign a judgment and requested a meeting with the attorneys on February 11, 1982, at which time he set a hearing on the exception for February 22, 1982. Plaintiff applied for writs, which were refused by this court on February 19, 1982. On February 22,1982, the trial court maintained the exception of prescription, and judgment was signed dismissing the suit on February 24, 1982. A subsequent motion for new trial on the peremptory exception was denied.
The plaintiff alleges three errors in his appeal with reference to the trial court’s maintaining of the exception of prescription. The first is that the trial court erred in holding a trial on a peremptory exception of prescription filed during the trial on the merits, after a jury verdict in favor of plaintiff. Secondly, that the trial court erred in holding that the allegations in the amending petition relative to informed consent set forth a new cause of action which did not relate back to the date of filing of the original petition. The third error complained of is that the trial court erred in holding that the original petition did not allege all facts constituting the claim sufficient to put defendant on notice of the issue of “informed consent.”
Plaintiff argues that La.C.C.P. Art. 929 requires the peremptory exception to be tried and disposed of on the trial when filed at trial. Art. 929 states, in pertinent part:
*1096 “... If the peremptory exception has been pleaded in the answer, or subsequently, but at or prior to the trial of the case, it shall be tried and disposed of on the trial...”
The right of the defendant to file the peremptory exception of prescription at trial cannot be disputed. C.C.P. Art. 928. Consequently, the question is when to hear and dispose of such exception when filed at trial. . The above quoted language of C.C.P. Art. 929 must be considered in connection with the Official Revision Comments to that article. The comments clarify the purpose behind the rule as follows:
“... The rules enunciated in the above article with respect to the trial of the peremptory exception do not interfere in any way with the trial judge’s discretion in such cases. They merely prevent the defendant’s using dilatory tactics in filing the exception after answer, and then insisting upon the trial of the exception in an effort to delay the trial of the ease on its merits.”
It is apparent that the trial judge felt that it was more expeditious to handle the trial of the peremptory exception filed during the trial after completion of the trial to avoid interrupting and delaying the jury. Such finding was within his discretion.
Plaintiff also argues that the defendant waived the exception by failing to insist on an in limine ruling by the court. Several cases are cited in support of this argument. However, the court finds that the cases cited by plaintiff do not stand for the proposition asserted and are inapposite to the instant matter. For instance, Louisiana Power and Light Company v. City of Houma, 229 So.2d 202, (La.App. 1st Cir. 1969), writ refused, 254 La. 1165, 229 So.2d 350 (1969), deals with dilatory and declina-tory exceptions, entirely different from a peremptory exception. The court finds that the defendants did not waive their rights under the exception by failing to insist on an in limine hearing.
Plaintiff filed his original malpractice suit on August 31, 1978. More than a year later he filed his amended petition. Thus, it is unnecessary to go into the question of when plaintiff became aware of facts forming the basis of his claim if this amendment does not relate back to the original pleading since he obviously knew he had a malpractice claim when he filed his original petition. Consequently, we must determine whether the trial court erred in holding that the plaintiff’s amended petition set forth a new cause of action in raising informed consent which did not relate back to the date of filing of the original petition and had thus prescribed.
La.C.C.P. Art. 1153 states:
“When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing of the original pleading.”
This article permits amendment despite prescriptive bars when the original pleading gives fair notice of the general fact situation from which the amended claim arises. Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980).
Thus, our inquiry must determine if the defendants were given fair notice in the original petition of the general fact situation forming the basis of the claim asserted by the amended petition. We find that they were not.
The original petition contained allegations of surgical malpractice on the part of defendant, Dr. Plauche. The court finds no mention of lack of informed consent. The trial court found that:
“. .. the malpractice suit that was originally filed against Dr. Plauche was an entirely different cause of action from the one under the informed consent; that they were not so interwoven that the filing of suit on one would constitute notice on the other; that they were different fact situations in each one. One had to do with a person either not having medical expertise or not using it in performing a surgery or diagnosis, and the other having to do with failure to ade *1097 quately inform a person of the consequences of the surgery. .. ”.
We agree with the fact finding of the trial court. The conclusion of the trial judge conforms to the jurisprudence. In Steele v. St. Paul Fire and Marine Ins. Co., 371 So.2d 843, (La.App. 3rd Cir.1979) writ denied, 374 So.2d 658 (La.1979), the court noted that:
“... plaintiffs’ allegation that the defendant-doctor was negligent in failing to obtairi the ‘informed consent’ of his patient is based upon a duty set by law rather than one determined by the medical specialty in which the physician practices under the well-reasoned decision in Percle v. St. Paul Fire and Marine Insurance Co., 349 So.2d 1289 (La.App. 1st Cir.1977), writ denied 350 So.2d 1218 (La.1977). In other words, the physician’s duty in an ‘informed consent’ case is one of disclosure and not one based upon any lack of skill or expertise in his specialty.”
The facts involved in defending a surgical malpractice suit vary greatly from those involved in defending a suit involving lack of informed consent. R.S. 40:1299.40(A).[1] However, both actions are governed by the prescriptive period of one year provided for by R.S. 9:5628(A).[2]
For the reasons assigned, the judgment of the trial court maintaining the defendant’s exception of prescription and dismissing plaintiff/appellant’s suit is affirmed. The appellant is to pay all costs.
AFFIRMED.

. R.S. 40:1299.40(A) provides: “Notwithstanding any other law to the contrary, written consent to medical treatment means a consent in writing to any medical or surgical procedure or course of procedures which (a) sets forth in general terms the nature and purpose of the procedure or procedures, together with the known risks, if any, of death, brain damage, quadriplegia, paraplegia, the loss or loss of function of any organ or limb, of disfiguring scars associated with such procedure or procedures, (b) acknowledges that such disclosure of information has been answered in a satisfactory manner, and (c) is signed by the patient for whom the procedure is to be performed, or if the patient for any reason lacks legal capacity to consent by a person who has legal authority to consent on behalf of such patient in such circumstances. Such consent shall be presumed to be valid and effective, in the absence of proof that execution of the consent was induced by misrepresentation of material facts.”

. R.S. 9:5628(A) provides: “No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect' or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.”