YELVERTON, Judge.
This appeal is from a judgment maintaining the exception of prescription of one year involving one of the defendants in a tort action. We reverse and remand.
Appellant, Cynthia Chargois, was allegedly the victim of a battery in a grocery store in New Iberia on August 30, 1980. She filed a suit for damages on August 27,1981, naming as defendants Rayward Fremin, Sr. *303 d/b/a Fremin s Grocery Store and Fremin, Sr.’s son, Rayward Fremin, Jr., allegedly an employee of the grocery store.
After learning that the grocery business was a corporation and not a sole proprietorship, plaintiff consented to a summary judgment dismissing Fremin, Sr. She then amended the original petition to allege that defendants were Fremin’s Food & Furniture, Inc., and its employee, Rayward Fre-min, Jr.
The alleged battery occurred on August 30,1980, and the amending petition naming the corporation as a defendant was not filed until December 23, 1981. The exception of prescription filed by Fremin’s Food & Furniture, Inc., was based on the passage of more than one year between these two dates. The trial court maintained the exception and dismissed the suit as to that defendant.
The trial judge did not give reasons for maintaining the exception. There is no transcript in the record of the hearing on the exception. Apparently no evidence was received at the hearing. The minutes of the court reflect only that the court considered the pleadings and the arguments of counsel. Technically, we could affirm the judgment because on the face of the pleadings the claim against the corporation has prescribed.
But we cannot overlook the fact that in the record, though not in evidence, are answers to interrogatories indicating Fremin, Sr., one of the parties initially sued, is the sole stockholder of Fremin’s Food & Furniture, Inc., the party later sued. A motion for summary judgment filed by appellee declares that Fremin, Sr. was also an employee of the corporation. In addition, appellee’s brief concedes Fre-min, Sr. was the registered agent for service of process of the corporation. If these are indeed the facts, on their proper consideration at an evidentiary hearing on the exception the trial court may well find that prescription against the corporation was interrupted by the timely suit against Fre-min, Sr. We believe that the ends of justice will be served by a remand for hearing and the introduction of evidence. See La.C. C.P. art. 2164 and Jones v. LeDay, 373 So.2d 787 (La.App. 3rd Cir.1979). This will give the trial court an opportunity to consider the evidence relating to prescription in light of the applicable law.
Two recent decisions of our Supreme Court explain that La.C.C.P. art. 1153 permits amendment of suits despite technical prescriptive bars where the original pleading gives fair notice of the general fact situation out of which the amended claim arises, and where there is some factual con-nexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party. These cases are Langlinais v. Guillotte, 407 So.2d 1215 (La.1981) and Baker v. Payne & Keller of La., Inc., 390 So.2d 1272 (La.1980). They say that if there is some identity of interest between the original and supplemental party such that the inference can be made that the supplemental party had notification of the claim against it within the prescription period, the amendment relates back to the date the original petition was filed and prescription has been interrupted.
The essence of interruption of prescription by suit is notice. The precise question that the evidence will perhaps present in the instant case is whether notice to an individual is inferentially notice to a corporation of which he is the sole owner, an employee and a registered agent for service of process. It appears to us that the answer to that question can be found in the principles discussed in the above cases. If it develops at the hearing on the exception that Fremin, Sr., was also the president of the corporation, the decision regarding prescription will be even further simplified by application of three cases directly in point: Andrepont v. Ochsner, 84 So.2d 63 (La.App. Orl.1955), discussed approvingly in Langlinais v. Guillotte, supra; Lushute v. Diesi, 343 So.2d 1132 (La.App. 3rd Cir.1977), reversed on other grounds 354 So.2d 179 (La. 1978); and Original Caboose, Inc., d/b/a Tina’s Dress Shop v. Ullo, 399 So.2d 1188 (La.App. 4th Cir.1981). These cases held *304 that timely suit against a corporate president was sufficient notice to the corporation to interrupt prescription.
Our decision herein is not inconsistent with the decision reached by this Circuit in the recent case of Ray v. Alexandria Mall Company, 424 So.2d 1245 (La.App. 3rd Cir. 1982), writ granted 429 So.2d 140 (La.1983). The facts and circumstances, the types of defendants, and the persons served herein differ from those in Ray. A particular distinguishing aspect in the present case is the fact that Fremin, Sr., who was originally served, appears to be sole stockholder and registered agent for service of process of the corporation ultimately sued, and he may be the President of the defendant corporation as well. We believe these factual differences are such that the instant case will be unaffected by whatever action our Supreme Court takes as a consequence of the writ which it granted in Ray.
For the above reasons and in the interest of justice, the trial court’s ruling sustaining the prescription exception is reversed and the case is remanded to the district court for an evidentiary hearing on the exception and further proceedings.
REVERSED and REMANDED.