451 So.2d 32 (1984)
N.A. "Red" MASON
v.
STAUFFER CHEMICAL COMPANY.
No. 83 CA 0581.
Court of Appeal of Louisiana, First Circuit.
April 26, 1984.
Writ Denied June 8, 1984.
*33 A. Wayne Stewart, Denham Springs, for plaintiff-appellant N.A. "Red" Mason.
L. Michael Cooper and M. O'Neal Walsh, Baton Rouge, for American Mfrs. Mut. Ins. Co.
William R. D'Armond, Baton Rouge, for defendant-appellee Stauffer Chemical Co.
James H. Gill, Jr., Baton Rouge, for third party defendant-appellee Terothechnology Corp. (Tero).
Before COVINGTON, COLE, SAVOIE, LANIER and CRAIN, JJ.
SAVOIE, Judge.
Plaintiff appeals the trial court's sustaining of defendant's exception of prescription as to plaintiff's "Amending and Supplemental Petition."
On September 6, 1977, plaintiff was injured when a pipeline assembly metal support gave way and fell, striking plaintiff on the head and shoulder. Plaintiff subsequently filed suit on May 17, 1978, alleging injuries to his head and right shoulder, right eye, right ear, right collar bone, and possibly, his brain. In paragraphs 8 and 9 of his original petition, plaintiff alleges as follows:
"8. On September 6, 1977, petitioner was engaged in assisting in the removal and relocation of one of the groups of pipeline which carried acid from the oleon [sic] towers.
"9. The procedure employed to remove the disconnected pipe involved the use of mechanical lifting devices known as `cherry pickers.' When one of these `cherry pickers' lifted a section of one of these acid-carrying pipes, petitioner, on the third deck, moved to avoid being doused by residual acid in the pipe. When the section was lifted, the unattached `saddle' support fell, from a point about 25 feet above petitioner's position on the third deck, struck him on the head and shoulder, and injured him as hereinafter described."
On November 23, 1982, plaintiff filed an Amending and Supplemental Petition wherein he claimed further damages sustained as a result of the same incident. In paragraphs 16 and 17 of his amending petition, plaintiff alleges as follows:
"16. Your plaintiff, while working at the site of the accident and particularly while working at the time and place of this accident, came into contact with certain gases, one of which plaintiff believes to be `oleom' but plaintiff reserves the right to amend this paragraph to include other gases.
"17. That the gas `oleom' as well as other gases which plaintiff came into contact with at the time and at the site of this accident is a carcinogen and caused, aggravated, or contributed to a cancerous condition in his body, especially his nose and face."
*34 Thereafter, defendant filed a peremptory exception of prescription which was maintained by the trial court. At the trial of the exception, the only witness to testify was plaintiff who testified, in pertinent part, as follows:
"A. We was [sic] taking down 24-inch oleom pipe out of the pipe pack and I was up on the structure, and then I came down off the structure. I got into the gas and I run [sic] to get out the gas and this piece of pipe hit me on the shoulder and knocked me down. Knocked me out.
"By Mr. Ferrin:
"Q. Sir, do you recall how long you stayed in the gas?
"A. No, not right off. They got me out as soon as they could.
"Q. Is it your allegation in your amended and supplemental petition that the cancer was caused by the gas that you were exposed to when you got hit by the pipe?
"A. True. Yes, Sir.
"Q. On this basis you claim that that caused your cancer?
"A. Yes, Sir."
In its written reasons, the trial court considered the question of whether plaintiff's amended petition set forth a new cause of action such that it did not relate back to the date of the filing of the original petition. The trial court concluded that plaintiff's original petition alleging defendant's negligence did not give fair notice and varied greatly with the facts involved in defending a suit based upon being exposed to cancer-causing gas. Applying L.S.A.-C.C. art. 3536 which provides for a one-year prescriptive period for torts, the trial court found that plaintiff's alleged tort in his amending petition had prescribed. Accordingly, defendant's exception of prescription was sustained.
It is well settled that a plaintiff or defendant may amend a petition or answer, despite prescriptive bars, when the original pleading gives fair notice of the fact situation out of which the amended claim or defense arises. L.S.A.-C.C.P. art. 1153; Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980); Chargois v. Fremin, 430 So.2d 302 (La.App. 3rd Cir. 1983). Where the pleadings reveal some factual connexity between the original and the amended assertions and contain sufficient allegations to afford fair notice to the adverse party of the relief sought, amendments should be allowed. Chargois, 430 So.2d at 303.
The defendant herein cites this court to our decision in Gunter v. Plauche, 428 So.2d 1094 (La.App. 1st Cir.1983), as providing the proper analytical framework for us to determine this case. We agree. However, defendant claims that Gunter is factually inapposite to the instant case. With this, we disagree. Therein, this court held that a petition asserting dangers for lack of informed consent did not relate back to the original petition alleging surgical malpractice. However, our Supreme Court, granting plaintiff's writ of certiorari, reversed and remanded. See Gunter v. Plauche, 439 So.2d 437, 440, 441 (La.1983). Therein, the Court stated:
"... Article 1153 requires only that the amending petition's thrust factually relate to the conduct, transaction or occurrence originally alleged. While the original petition did not mention lack of informed consent, the factual events during June 1976 of the consultations and defendant's advising plaintiff that surgery was necessary were explicitly set forth. The essence of interruption of prescription by suit is notice. Here, defendant had actual notice that judicial relief was being sought arising from that general factual situation of defendant's June 1977 conduct, and he thus was put on notice that his evidence concerning it should be collected and preserved. (Citations omitted). Both causes of action arose out of the conduct, transaction, or occurrence set forth in the original petition. Plaintiff will not be held to a burden of separating out in his initial pleading the defendant's actions during that *35 month's medical service merely because two theories of recovery are possible out of that factual setting. The amending petition did not elaborate at all on the factual setting, and no challenge to its sufficiency was made; the factual allegations made originally met the notice requirement to defendant under art. 1153. The transaction or occurrence giving rise to the demand or object of the suit remained unchanged by the amendment, and, even if the state of facts which constitute [sic] the defendant's wrong differ [sic] enough so that two causes of action exist, the facts of the transaction which created both duties is [sic] similar enough to support a relation back of the amending petition under art. 1153." (Emphasis added).
Herein, the defendant had actual notice that judicial relief was being sought arising from the accident of September 6, 1977. The accident or occurrence giving rise to plaintiff's demand remained unchanged by the amendment. The factual events listed in the original petition more than amply support a finding that notice of a claim for damages for exposure to the gas, Oleom, was given. Having found that the defendant had actual notice of judicial relief being sought, a fortiori, defendant was put on notice that evidence concerning the conduct, transaction, or occurrence should be collected and preserved. We find that the plaintiff's amending and supplemental petition relates back to the original petition.
For the above and foregoing reasons, judgment of the trial court is reversed and the case remanded back for further proceedings consistent with this opinion. Defendant is to pay all costs.
REVERSED AND REMANDED.