JASPER E. JONES, Judge.
The plaintiff union, Communications Workers of America AFL-CIO Local 10414, instituted this suit against the defendant union member, Kenneth Peters, to recover a $1,500 fine levied against the defendant who crossed the picket line to work during a strike. The trial court awarded $300 to the union. Plaintiff appeals contending the trial court erred in not awarding the full amount of the fine to the union. We affirm.
On August 6, 1983, the Communications Workers of America AFL-CIO authorized a nationwide strike against South Central Bell. The defendant, Kenneth Peters, was a member of the union and employed by South Central Bell when the strike began. On August 8, (the first work-day of the strike) the defendant crossed the picket line and continued to work during the strike. The strike ended on August 28, 1983.
The union fined the defendant $1,500 for working during the strike. The fine imposed was equal to the regular pay earned by the defendant during the strike. The defendant did not pay the fine and the union instituted suit for collection.
At trial the defendant argued he could not be fined as a union member because he had resigned from the union during the first days of the strike. The trial judge found the defendant to be a member of the union at the time of the strike and in violation of his union contract for crossing the picket line. In written reasons for judgment, the trial judge stated, “After violating the union contract, he attempted to withdraw from the union. It’s my opinion that it was too little too late. He owes the union $300.00 penalty.” No further reasons were given for the reduction in fine.
At issue is whether the defendant was a member of the union during the strike and subject to the fine levied by the union. The union contends the defendant was a union member during the entire period of the strike. In support, the union points to defendant’s testimony at trial that he sent no written notice of resignation to the union during the month of August.
*726 The defendant contends he effectively resigned from the union on or about August 12. He testified he sent a letter to the New Orleans office of South Central Bell requesting that union dues no longer be withheld from his paycheck. The union did not receive a copy of the letter. A copy of the .letter was not submitted at trial although the defendant had previously requested a copy of the letter from his employer.
This court has recently upheld a similar resignation procedure as valid. In Communications Workers of America AFL-CIO Local 10414 v. Conley, 505 So.2d 894 (La.App. 2d Cir.1987), the defendants were employees of South Central Bell in Monroe and members of the union when the same strike in the instant case began. Like Kenneth Peters, the defendants crossed the picket line to work. The defendants were fined similarly by the union and suit was instituted to collect the unpaid fines.
Each of the eight defendants in Conley, supra, had signed a memorandum on the first day of the strike requesting the withholding of union dues from the paychecks be stopped. The memo was submitted to South Central Bell but the union never received any copies.
The trial court found the defendants had resigned on the first day of the strike and reduced the fine imposed by the union for the entire strike period. This court affirmed, stating u... we agree with the trial court that the eight defendants expressed their intent to resign on the first day of the strike by following the resignation procedure which had been accepted by the union in the past. We also agree that defendants should not be held responsible for any lack of communication between the employer and the union, especially during the strike when tension is great.” Conley, supra.
The evidence establishes union dues were held out of the first payroll check received by employees each month. The evidence introduced in exhibit D-3 established that the August payment of union dues was withheld from a check received by the defendant from his employer on August 6, 1983, a few days before the defendant sent his letter of resignation to his employer advising it to discontinue withholding union dues from its check.
The evidence introduced by the union established that no union dues were withheld from the defendant’s salary in the month of September, 1983, or thereafter. This fact corroborates the defendant’s testimony that on or about August 12, 1983, he notified his employer in writing to discontinue withholding union dues from his wages. This evidence, along with the defendant’s testimony, provides a substantial evidentiary basis for the trial court’s conclusion that defendant was no longer a member of the union and not subject to its rules after August 12, 1983.
Appellate courts will not disturb factual findings unless they are manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). Even though the trial judge did not express in his reasons for judgment the factual basis for denying plaintiff’s claim for the full amount of the fine, inherent in the trial judge’s reduction of the fine from $1,500 to $300 is a factual determination that the defendant resigned on or about August 12, 1983. The $1,500 was a penalty imposed upon the defendant for his having crossed the picket line for 24 days. The defendant resigned on the fifth day of the strike and was therefore subject to union rules and fines for approximately one-fifth of the strike period. The district court award of $300 was one-fifth of the amount of the fine and therefore we conclude the judgment adequately enforces the portion of the assessed union fine which the defendant legitimately owed under union rules.
We find no error in the trial court’s reduction of the fine. For the reasons expressed above, we affirm the judgment of the trial court.
AFFIRMED.