593 So.2d 411 (1991)
INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS LOCAL NO. 53
v.
Earl POCHE, Jeff Falcon, James Singletary, Todd A. Poche and Wayne Gomez.
Nos. CA 90 1985 to CA 90 1989.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
Writ Denied February 28, 1992.
*412 Gilbert R. Buras, Jr., Metairie, for plaintiff.
Sidney A. Marchand, III, Donaldsonville, for defendants.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
GONZALES, Judge.
These five lawsuits, consolidated for purposes of appeal, seek judicial enforcement of Union fines levied against expelled members of the International Association of Heat and Frost Insulators Local 53, an unincorporated association. After suit was filed against them the defendants filed the peremptory exception raising the objection of no cause of action. The trial court sustained the exception and dismissed plaintiff's suit. The union is appealing that judgment.

FACTS
Each of these individuals, Earl Poche, Jeff Falcon, James Singletary, Todd A. Poche and Wayne Gomez, was a member of Local 53 in March of 1988 when Local 53 was in the process of attempting to negotiate a contract with Branton/Hullinghorst Industrial Services, Inc. Despite the lack of a contract with Branton/Hullinghorst, Local 53 permitted its members to work for the company during the negotiating period in hope that an agreement would be reached. In March of 1988, when it became apparent that no collective bargaining agreement would be confected with Branton/Hullinghorst, Local 53 advised its members that further employment with the company would be against the union's interest. Local 53 requested its members leave their employment with the company. Among the members of Local 53 who refused to leave their employment with the company were appellees, the five individuals in this consolidated case.
Pursuant to the union's constitution and bylaws the appellees were notified that their continued employment with Branton/Hullinghorst was in violation of union rules and that charges had been brought against them by their fellow union members. By letters dated April 4, 1988, the Local 53 business manager notified these five union members that:
On March 18, 1988, you were informed that Local # 53 deems Branton/Hullinghorst Industrial Services to be unfair to its employees. At that time you were given until the end of the work day, March 25, 1988, to terminate your employment with Branton/Hullinghorst Industrial Services or face charges in accordance with the International Constitution and Bylaws.
Since you have failed to terminate employment with Branton/Hullinghorst Industrial Services, with this letter I am filing charges against you for violating Article XXIV, Section 1(g) of the Constitution and Bylaws of the International Association of Heat and Frost Insulators and Asbestos Workers.
Article XXIV, Section 1 of the union constitution provides "Any member may be penalized for committing any one or more of the following offenses." Part (g) of that article provides "Working for, or on behalf of, any employer, employer-supported organization or other union or organization, or the representatives of any of the foregoing, whose position is adverse or detrimental to the International Association."
Article XXV of the union constitution provides for trial and appeals. Section 5 of this article states:
Upon hearing all of the evidence presented, the trial board shall reach a decision on each charge before it ... With respect to any portion of the charges on which the accused is found guilty, the presiding officer shall immediately impose sentence, which may include expulsion, suspension or fine ... Every sentence imposing a fine shall automatically include the following: "Failure to pay the *413 fine, or any required portion thereof, within thirty (30) days after its due date shall result in automatic lapsing."
Defendants received a second letter dated May 9, 1988, stating that their trial had been set and they were entitled to appear in person and answer the charges. It stated that if they failed to appear the trial board would proceed to hear and determine the case as though they were present. The trial board minutes from June 3, 1988, reflect that the trial board voted and found the defendants guilty of the charges against them and set their fine at $100.01 due by 4:00 p.m. June 6, 1988 and immediate termination of employment with Branton/Hullinghorst Industrial Services, Inc. The fine was set at $5,000 if the defendants did not immediately terminate their employment. $2,500 would be due by 4:00 p.m. June 6, 1988, and the balance due in 90 days. "Failure to pay the fine or any required portion thereof within thirty days after its due date shall result in automatic lapsing," the trial minutes state. The defendants were informed of the trial board's decision by letter dated June 6, 1988, which outlined the steps the defendants could take to appeal the decision. The appellees did not pay the fines and did not use union procedures to appeal the fines. By letter dated July 11, 1988, the union informed the defendants:
Therefore, since you have failed to pay the required portion of the fine within thirty (30) days of the due date, in accordance with Article XXV, Section 5 of the Constitution and Bylaws, you are hereby lapsed from membership in Asbestos Workers Local Union # 53.
The union then filed these lawsuits seeking judicial enforcement of the union fines. The trial court, in dismissing plaintiff's suit, stated in its reasons for judgment:
The Union does have the authority under Paragraph III of its constitution to penalize a member for violation of its various regulations; however, there exists no authority for the Union to enforce its provisions against non-members. Upon the expulsion of the defendants herein the authority of the Union to pursue their self-determined penalties also terminated as defendants were no longer members subject to the various regulations of the Union.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. La.C.C.P. art. 927; Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). Plaintiff argues "It is clear from the district court's written reasons for judgment that the dismissal of the plaintiff's action was prompted by the district court's view that once a union member has been expelled from membership the union's right to enforce any penalties it has imposed also ceases." Plaintiff cites two Second Circuit opinions, Communication Workers of America, AFL-CIO Local 10414 v. Peters, 514 So.2d 725 (La.App.2d Cir.1987) and Communication Workers of America AFL-CIO Local 10414 v. Conley, 505 So.2d 894 (La.App.2d Cir.1987), in which the union was awarded fines against former members. In those two cases, the Communications Workers of America (CWA) imposed per diem fines on members who crossed picket lines during a CWA strike. Subsequent to the imposition of the fines, the fined members resigned their membership in the union and continued to cross the picket line. The union sought judicial enforcement of the per diem fines against its former members for every day that the individuals worked during the strike, including the days worked after they resigned from the union. The Second Circuit upheld judicial enforcement of the fines for each day they worked prior to their resignation from the union, but declined to give judicial enforcement to fines imposed after their resignation.
In the Second Circuit cases cited by plaintiff, the defendants were not expelled from the union under the terms of its constitution, but rather resigned. In our case, the union members had a choice under the organization's rules. They could pay the fine, terminate their employment with Branton/Hullinghorst and retain their union *414 membership, or they could fail to pay the fine and be expelled from the union. Here it was an alternative remedy and in the Second Circuit cases apparently there was no expulsion for failure to pay the fine. We do not have the language of the union constitution from the two Second Circuit cases before us, but we do have the language of the constitution in this case before us, and its remedies are alternative, not concurrent. Apparently from the record, the union drew up its constitution, and it chose to limit itself to alternative remedies. It cannot now seek to expand those remedies to give itself the power to fine and expel concurrently. Expulsion effectively mooted their power to enforce the fine.
We find that under the language of the union constitution, the union limited itself to expelling the members for failure to pay the fine. For the foregoing reasons, we affirm the trial court judgment sustaining the peremptory exception raising the objection of no cause of action. Plaintiff-appellants are cast for all costs.
AFFIRMED.
EDWARDS, J., concurs.