CARTER, Judge.
This is an appeal from a judgment, sustaining a peremptory exception pleading the objection of no cause of action in a worker’s compensation case.

FACTS

On October 4,1990, plaintiff, John M. Dietrich, was injured during the course and scope of his employment with Apex Electric (Apex) when he fell into a switch gear. As a result of the accident, plaintiff sustained a cervical disc rupture.
On October 2,1991, plaintiff filed a Disputed Claim for Compensation (Form LDOL-WC-1008) with the Office of Worker’s Compensation. In this claim, plaintiff alleged that a bona fide dispute occurred in that the “[ijnsurer or employer alleges that the employee has fully recovered and the employee alleges continuing disability.” Plaintiff further alleged that he foresees future disability and filed the claim to interrupt prescription.
On December 9, 1991, Apex and Transportation Insurance Company (Transportation Insurance) answered the allegations contained in Form 1008, denying that plaintiff sustained any work-related injury while in the course and scope of his employment with Apex and asserting, as an affirmative defense, that plaintiffs compensation claim had prescribed. On June 4, 1992, Apex and Transportation Insurance filed a peremptory exception pleading the objection of no cause of action in that plaintiffs petition failed to assert a claim for worker’s compensation indemnity or medical benefits.
On August 24, 1992, a hearing was held on the exception, wherein the hearing officer concluded that the allegations contained in Form 1008 did not contain a disputed claim. The hearing officer sustained the exception pleading the objection of no cause of action and dismissed plaintiffs claims.
From this adverse judgment, plaintiff appealed, assigning as error the hearing officer’s finding that the allegations contained in Form 1008 failed to state a cause of action.

NO CAUSE OF ACTION

The peremptory exception pleading the objection of no cause of action is a procedural device used to test the legal sufficiency of the petition. International Association of Heat and Frost Insulators and Asbestos *797 Workers Local No. 53 v. Poche, 593 So.2d 411, 413 (La.App. 1st Cir.1991), writ denied, 594 So.2d 878 (La.1992). In making the determination, all well-pleaded facts in the petition must be accepted as true, and no reference can be made to extraneous supportive or controverting evidence. The court must then determine whether the law affords any relief to plaintiff if the factual allegations of the petition are proven at trial. Perque Floor Covering of New Orleans, Inc. v. L. Cambre Enterprises, Inc., 593 So.2d 407, 410 (La.App. 1st Cir.1991). Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated. Jarrell v. Carter, 577 So.2d 120, 123 (La.App. 1st Cir.), writ denied, 582 So.2d 1311 (La.1991); Johnson v. Edmonston, 383 So.2d 1277, 1281-82 (La.App. 1st Cir.1980).
LSA-R.S. 23:1310 addresses the requisites for the filing of a claim with the Office of Worker’s Compensation and provides as follows:
A. If, at any time after notification to the office of the occurrence of death or injury resulting in excess of seven days lost time, a bona fide dispute occurs, the employee or his dependent or the employer or insurer may file a claim with the state office, or the district office where the hearing will be held, on a form to be provided by the director.
B. In addition to any other information required by the director, the claim shall set forth the time, place, nature, and cause of the injury, the benefit in dispute, and the employee’s actual earnings, if any, at the time of the filing of the claim with the office.
Under the plain wording of LSA-R.S. 23:1310 A, in order for a claimant to file a Form 1008 (and thereby state a cause of action) there must be a bona fide dispute between the employee and the employer. LSA-R.S. 23:1310 B requires, among other things, that the claim form set forth the benefit which is in dispute.
In the instant case, plaintiff filed the required Form 1008 with the Office of Worker’s Compensation. In the claim, plaintiff alleged that a bona fide dispute occurred in that the “[ijnsurer or employer alleges that employee has fully recovered, and employee alleges continuing disability.” Additionally, plaintiff indicated that the basis of the dispute was that he foresees future disability arising from ruptured disc surgery and the apparent benefits in dispute are medical benefits incurred for the surgery and worker’s compensation benefits following the surgery.
For purposes of an exception pleading the objection of no cause of action, the allegations of fact must be accepted as true. Therefore, assuming that these factual allegations are true and can be established at trial, the law clearly affords plaintiff a remedy, namely worker’s compensation and medical benefits. We have thoroughly reviewed the 1008 form submitted by plaintiff and find that it sufficiently complies with the requirements set forth in LSA-R.S. 23:1310. Therefore, we conclude that the form adequately sets forth a cause of action and that the trial court erred in sustaining the exception pleading the objection of no cause of action.[2]

CONCLUSION

For the foregoing reasons, the judgment of the hearing officer sustaining Apex’s and Transportation Insurance’s peremptory exception pleading the objection of no cause of action is reversed. The matter is remanded to the Office of Worker’s Compensation for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed against Apex and Transportation Insurance.
REVERSED AND REMANDED.

. We also note that, as a general rule, where the grounds of a peremptory exception can be removed by amendment of the petition, the court (or hearing officer) should allow the plaintiff an opportunity to amend his petition. LSA-C.C.P. art. 934; Hillman v. United States Aviation Underwriters, 509 So.2d 125, 128 (La.App. 1st Cir.1987).