635 So.2d 721 (1994)
SOUTHSIDE CIVIC ASSOCIATION, INC.
v.
Margaret WARRINGTON and The City of Baton Rouge.
No. 93 CA 0890.
Court of Appeal of Louisiana, First Circuit.
April 8, 1994.
*722 Robert L. Roland, Baton Rouge, Scott Jolly, Baton Rouge, for plaintiff-appellant Southside Civic Ass'n.
James L. Hilburn, Baton Rouge, for defendant-appellee City of Baton Rouge.
Ralph E. Hood, Baton Rouge, for defendant-appellee Margaret Warrington.
Before CARTER, GONZALES and WHIPPLE, JJ.
CARTER, Judge.
This appeal arises out of a trial court judgment sustaining a peremptory exception pleading the objection of no cause of action.

FACTS
On August 20, 1992, Margaret Warrington submitted an application to the Metropolitan Board of Adjustment for the City of Baton Rouge and the Parish of East Baton Rouge (the board), requesting a variance of the requirement that A-1 zoned property have rear yards of at least thirty-five feet. In her application, Warrington requested that she be permitted to construct a single family residence with a rear yard of only fifteen feet within the A-1 zoned area. On September 21, 1992, the board met and approved Warrington's request "due to extreme hardship."
On October 21, 1992, Southside Civic Association, Inc. (Southside) filed a petition for declaratory judgment and injunctive relief pursuant to LSA-R.S. 33:4727E(1), requesting judicial review of the board's decision. Named as defendants in the action were Warrington and the City of Baton Rouge.
On November 18, 1992, Warrington filed a dilatory exception pleading the objection of pleading nonconformity with LSA-C.C.P. art. 891, claiming that Southside's petition was not verified as required by LSA-R.S. 33:4727. Warrington also filed peremptory exceptions pleading the objections of no right of action and no cause of action. Warrington contended that LSA-R.S. 33:4727E(1) requires that a verified petition for review of a decision of the board be filed within thirty days after the filing of the decision in the board's office. Warrington reasoned that, because the board granted her requested variance on September 21, 1992, and Southside had not filed a verified petition within thirty days of that date, the petition was not filed timely.
On November 18, 1992, the City of Baton Rouge filed a dilatory exception pleading the objection of nonconformity of the petition with LSA-C.C.P. art. 891. Thereafter, on December 7, 1992, the City of Baton Rouge filed peremptory exceptions pleading the objections of peremption and no right of action. On that same date, December 7, 1992, Southside filed an amended petition, which supplied *723 the required verification.[1]
On December 18, 1992, a hearing was held on the exceptions, wherein the trial court sustained the exception pleading the objection of no cause of action based on peremption and overruled all other objections as moot. The trial court determined that because the original petition was not verified and the thirty-day period set forth in LSA-R.S. 33:4727E(1) had elapsed prior to the filing of the amended petition, the amendment did not relate back to the filing of the original petition. The trial judge then determined that Southside's cause of action had expired prior to the filing of the supplemental petition. Accordingly, the trial judge sustained Warrington's peremptory exception pleading the objection of no cause of action and dismissed Southside's petition with prejudice. On December 30, 1992, the trial judge signed a judgment in accordance with this ruling. Southside appealed from the adverse judgment, assigning the following specifications of error:
1. The trial court erred in ruling that the thirty-day time period set forth in LSA-R.S. 33:4727E(1) is one of peremption.
2. The trial court erred in failing to recognize that Southside adequately exercised a right subject to peremption by filing the original petition, although without a verification, within the thirty-day time period.
3. The trial court erred by failing to recognize that the amended petition filed by Southside cured the defect in the form of its original petition and rendered defendant's exceptions moot.

NO CAUSE OF ACTION
The peremptory exception pleading the objection of no cause of action is a procedural device used to test the legal sufficiency of the petition. International Association of Heat and Frost Insulators and Asbestos Workers Local No. 53 v. Poche, 593 So.2d 411, 413 (La.App. 1st Cir.1991), writ denied, 594 So.2d 878 (La.1992). In making the determination, all well-pleaded allegations of fact in the petition must be accepted as true, and no reference can be made to extraneous supportive or controverting evidence; the court must then determine whether the law affords any relief to plaintiff if the factual allegations of the petition are proven at trial. Perque Floor Covering of New Orleans, Inc. v. L. Cambre Enterprises, Inc., 593 So.2d 407, 410 (La.App. 1st Cir.1991). Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated. Jarrell v. Carter, 577 So.2d 120, 123 (La.App. 1st Cir.), writ denied, 582 So.2d 1311 (La.1991); Johnson v. Edmonston, 383 So.2d 1277, 1282 (La.App. 1st Cir.1980).
In the instant case, the trial court sustained Warrington's exception pleading the objection of no cause of action, finding that Southside could not amend its petition after the thirty-day peremptive period set forth in LSA-R.S. 33:4727E(1).[2]
The amendment of pleadings is addressed in LSA-C.C.P. art. 1153, which provides as follows:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
It is well settled that a plaintiff may amend a petition, despite prescriptive bars, when the original pleading gives fair notice of the fact situation out of which the amended claim arises. Mason v. Stauffer Chemical Company, 451 So.2d 32, 34 (La. *724 App. 1st Cir.), writ denied, 452 So.2d 1175 (La.1984). Where the pleadings reveal some factual connexity between the original and the amended assertions and contain sufficient allegations to afford fair notice to the adverse party of the relief sought, amendments should be allowed. Mason v. Stauffer Chemical Company, 451 So.2d at 34. The out of time amendments need only be based on or factually relate to the conduct or occurrence already alleged. Masson v. Champion Insurance Company, 591 So.2d 399, 402 (La. App. 4th Cir.1991).
Generally, LSA-C.C.P. arts. 1151 et seq. apply in cases governed by a prescriptive period; however, the "relation back" theory also applies to claims governed by a peremptive period. Monroe Medical Clinic, Inc. v. Hospital Corporation of America, 622 So.2d 760, 777 (La.App. 2nd Cir.), writ denied, 629 So.2d 1135 (La.1993). See Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So.2d 1040, 1042-44 (La.1985); Thibaut v. Thibaut, 607 So.2d 587, 608-09 (La.App. 1st Cir.1992), writs denied, 612 So.2d 37, 38, 101 (La.1993); Meadoux v. Hall, 369 So.2d 240, 242-43 (La.App. 4th Cir.), writ denied, 369 So.2d 1366 (La.1979). See also McKay v. Southern Farm Bureau Casualty Company, 123 So.2d 658, 666-67 (La.App. 1st Cir.1960), on rehearing, in which the court stated as follows:
In our opinion, the plaintiffs' rights ... to be substituted for the deceased original tort-plaintiff were not extinguished by prescription and/or peremption, because within the requisite year pleadings were filed which (although imperfectly styled and imperfect in statement) fairly apprised the defendants of the right of the two named minors to be substituted for the decedent. As these cases hold, in such circumstances, even though the timely-filed initial proceedings are subject to dismissal due to imperfection in pleading, the court should properly permit an amendment thereof to supply the deficiencies ..., which amendment relates back to the date that the original pleadings were filed, for purposes of deciding whether a cause of action ... was filed within the peremptive year. (Citations omitted; emphasis added).
In its original petition, Southside alleged that the board's granting of the rear yard variance to Warrington was "invalid, illegal, unconstitutional and null and void because the decision of the board ... was arbitrary, capricious, unreasonable, and an abuse of discretion." The petition also set forth the alleged grounds of the illegality, as required by LSA-R.S. 33:4727E(1). Although Southside's original petition was not verified in accordance with LSA-R.S. 33:4727E(1), it was timely filed and contained factual allegations sufficient to support a cause of action under LSA-R.S. 33:4727E(1). The original petition gave Warrington fair notice of the factual allegations and relief sought by Southside. The only difference between Southside's original petition and the amended petition is that the latter added the required verification. The trial court should have allowed the amended petition to relate back to the date of filing of the original petition. Therefore, we conclude that the trial court erred in sustaining Warrington's exception pleading the objection of no cause of action and in finding that the "peremption cannot be cured by supplemental or amended pleadings."
Moreover, we need not address whether the time period set forth in LSA-R.S. 33:4727E(1) was peremptive, rather than prescriptive. It is clear, as a matter of law, that if Southside's original petition set forth a cause of action within thirty days as required by the statute, then any subsequent amendment curing a technical deficiency relates back. Accordingly, the trial court erred in not allowing Southside's amended petition to relate back to the date of filing of the original petition, regardless of whether the time period was one of peremption or prescription.

CONCLUSION
For the reasons set forth above, the judgment of the trial court, sustaining the exception pleading the objection of no cause of action is reversed, and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein. *725 All costs of this appeal are assessed against Warrington.
REVERSED AND REMANDED.
NOTES
[1] Although this amended petition is not a part of the record, the transcript from the hearing indicates that the amended petition was filed on December 7, 1992.
[2] LSA-R.S. 33:4727E(1) provides as follows:

Any person or persons jointly or severally aggrieved by any decision by the board of adjustment, of any officer, department, board, or bureau of the municipality, may present to the district court of the parish or city in which the property affected is located a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board.