EDWARDS, Judge.
After a thorough review and evaluation of the record, we are convinced that the trial court was correct, and we adopt its reasons for judgment, which were entered in the trial court minutes following submission of the case, and are attached hereto, as our own. The judgment of the trial court is affirmed; appellant is assessed all costs of this appeal.
AFFIRMED.
Thursday, July 25, 1991
Court met this day, the HONORABLE MICHAEL J. MCNULTY, JR. JUDGE, presiding.
* * * * * *
87,003 FERRARA FIRE APPARATUS, INC. YS. CITY OF MORGAN CITY
Amended 2/14/90 and W.S. DARLEY AND COMPANY
RE: PLAINTIFF’S MOTION FOR SUMMARY JUDGMENT — ORAL JUDGMENT
PRESENT: Mr. Richard C. Guerriero, Jr., Atty. for Plaintiff
Mr. Dale H. Hayes, Atty. for City of Morgan City
Mr. Christopher H. Rivere, Atty. for W.S. Darley & Company
This case was called on the docket. The matter was taken up, argued and submitted. The Court then ordered the following placed in the minutes, to-wit:
La.R.S. 38:2251 is a most inartfully drafted statute. The statute, which provides a preference for Louisiana products over out of state products when there is less than seven percent difference in the bid amounts clearly refers exclusively to food products, except for Section C(6). Section A ascribes definitions to certain terms, all of which refer to edibles. Section B grants the preference to Louisiana “products.” Section C outlines requirements for certain foodstuffs to fall under that statute, such as “produce shall be grown, canned or frozen in Louisiana” and “eggs shall be laid in Louisiana.” At the end of the short list of such requirements, the statute includes (6) of Section C, which provides “All other products shall be produced, manufactured or assembled in Louisiana.”
The question before the Court at this time, is whether Section C(6) is intended to include all goods other than food, particularly a fire truck assembled in the State of Louisiana.
The phrase “other products” used in Section C(6) is defined in Section A(2). Section A(2) states that “other products” includes “other meat”, “other meat products,” “other seafood,” and “other seafood products” and means products which are produced, manufactured, grown, processed, and harvested outside the state. A fire truck is not a product produced, grown, processed or harvested. It could be manufactured. However, it is unlikely that this oblique reference would be the door through which the Legislature intended to include all items in commerce other than food. Webster’s New Collegiate Dictionary (1981 G & C Merriam Co.) defines the term to mean “to make into a product suitable for use” and “to make from raw materials by hand or by machinery” and “to produce according to an organized plan and with division of labor.” It is more likely that the inclusion of the term “Manufactured” refers to certain types of food preparation.
This position is strengthened by R.S. 38:2251.1 and 2251.2 which specifically adds milk and dairy products and rolled steel to the provisions of 2551. Further fortification of this view can be gleaned from the amendments to 2551 passed by the Legislature by Act 449 of 1990 which again deal exclusively with food stuffs.
Plaintiff cites the following to assist the Court in interpreting the Statute: R.S. 1:3: *1389 “Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language.”
R.S. 1:4: “When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.”
In effect plaintiff is asking for the insertion of a square peg in a round hole, something that can be accomplished only by the great Oz in Baton Rouge. The fuzzy language used in this statute does not accomplish that.
In light of the foregoing, the Court finds that this Statute does not apply to anything but the food products specifically listed in the Statute and excludes fire trucks from its provisions.
The Court thereupon denies the Motion for Summary Judgment. A written judgment to be submitted at a later date for the Court’s signature.
* * * * * *
Court then adjourned.
MICHAEL J. MCNULTY, JR.
16TH JUDICIAL DISTRICT COURT
CHRISTINE DIAMOND
DY. & MINUTE CLERK