849 So.2d 616 (2003)
B & C ELECTRIC, INC.
v.
EAST BATON ROUGE PARISH SCHOOL BOARD.
No. 2002 CA 1578.
Court of Appeal of Louisiana, First Circuit.
May 9, 2003.
*617 E. Wade Shows, Carlos A. Romanach, Baton Rouge, for Plaintiff/Appellant, B & C Electric, Inc.
Tina Dennis Darensbourg, Kenneth F. Sills, Baton Rouge, for Defendant/Appellee, East Baton Rouge Parish School Board.
Before: CARTER, C.J., WHIPPLE and CIACCIO,[1] JJ.
*618 WHIPPLE, J.
This is an appeal by plaintiff, B & C Electric, Inc. ("B & C"), from a judgment of the trial court maintaining peremptory exceptions raising the objection of no cause of action filed by defendant, the East Baton Rouge Parish School Board ("the School Board"). For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On August 31, 2001, B & C filed a petition requesting that preliminary and permanent injunctions issue, and that a declaratory judgment be rendered in its favor and against the School Board. Specifically, B & C requested that the court nullify the School Board's award of Bid # 49-01 to Charlie's Generator and Starter Repair Service ("Charlie's") and instead order the School Board to award the bid to B & C.
According to B & C's petition, on March 12, 2001, the School Board solicited quotes for alternator and starter repairs to be performed from March of 2001 through June 30, 2001. On March 15, 2001, A. Michael Babin, owner of B & C, allegedly notified D. Anthony Rubin, supervisor of purchasing for the School Board, that the specifications were unclear. Rubin allegedly then advised Babin to return the bid and he would send out revised specifications. That same day, Babin returned the bid.
B & C further alleged that on March 16, 2001, Babin was contacted by an employee of the School Board requesting assistance from him in revising the bid specifications and informing Babin that the School Board would send him a new request for bid. The School Board did not revise the previously issued March 12, 2001 request for bids, and on April 17, 2001 Babin received a letter from Rubin notifying Babin that Alternator and Starter Proposal #9872 had been awarded to Charlie's.
The petition further alleged that on June 12, 14, and 19, 2001, the School Board issued another request for proposals for alternator and starter repairs to be performed from July 1, 2001 through June 30, 2002 with an option to renew the contract for one additional year, identified as Bid # 49-01. The bid proposal form prepared in connection with this bid required the bidder to indicate whether it was a corporation, partnership, or individual and also contained a preferential clause for Louisiana-bidders provision, pursuant to LSA-R.S. 38:2251(A) and (H). B & C was one of three alleged bidders and specifically claimed a Louisiana preference pursuant to LSA-R.S. 38:2251. B & C alleged in its petition that the bid submitted by Charlie's was not in compliance with Section 1.6 of the Request for Proposals because: (1) Charlie's bid failed to fill out the Bidder Qualification portion of the bid proposal form; (2) Charlie's bid was scratched through with one unit price altered by a hand-written notation to lower the price accompanied by the initials, "DAR," without which, B & C would have been the lowest bidder; and (3) Charlie's bid did not claim a Louisiana preference.
According to the petition, in June of 2001, Babin and Rubin again exchanged correspondence, allegedly confirming that the bid would be awarded to one supplier based on the lowest total bid for alternators and starters combined. On July 3, 2001, B & C received notice that the proposal ultimately had been awarded to Charlie's. According to B & C, the award of bid to Charlie's violated the provisions of LSA-R.S. 38:2251, the Louisiana preference *619 statute, which required the School Board to award Bid #49-01 to B & C.
On September 28, 2001, the School Board filed an exception of no cause of action. By judgment dated December 14, 2001 the trial court granted the exception, but gave B & C thirty days to amend its petition. B & C amended its original and supplemental petition by filing a "Second Supplemental and Amending Petition" on January 11, 2002, alleging its entitlement to recovery under the theory of detrimental reliance. The School Board then filed a second exception of no cause of action. The trial court maintained the second exception of no cause of action by judgment dated May 14, 2002, stating in its written reasons that the petition failed to state a cause of action under the Louisiana public bid laws because an invitation for bids for repair services is not governed by the public bid law. The court reasoned that the petition further failed to state a cause of action based on the theory of detrimental reliance, as B & C made no claim in its petition that the School Board made a promise that B & C would receive the service contract.
B & C appeals, contending the trial court erred in maintaining the School Board's peremptory exceptions pleading the objection of no cause of action.

DISCUSSION
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the operative facts alleged in the pleading. Jackson v. State of Louisiana, Through the Department of Corrections, 2000-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C. art. 931. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true, and the issue at trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Jackson, 2000-2882 at pp. 3-4, 785 So.2d at 806. Furthermore, the facts shown in any annexed documents must also be accepted as true. Cardinale v. Stanga, XXXX-XXXX, p. 3 (La. App. 1st Cir.9/27/02), 835 So.2d 576, 578.
In reviewing a trial court's ruling sustaining an exception of no cause of action, the reviewing court conducts a de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. City of New Orleans v. Board of Commissioners of the Orleans Levee District, 93-0690, p. 29 (La.7/5/94), 640 So.2d 237, 253. The burden of demonstrating that no cause of action has been stated is upon the exceptor. Cardinale v. Stanga, XXXX-XXXX at pp. 3-4, 835 So.2d at 578. Any doubts are resolved in favor of the legal sufficiency of the petition. Lambert v. Riverboat Gaming Enforcement Division, 96-1856, p. 4 (La.App. 1st Cir.12/29/97), 706 So.2d 172, 175, writ denied, 98-0297 (La.3/20/98), 715 So.2d 1221.

ASSIGNMENT OF ERROR NO. 1
In its first assignment, B & C contends that the trial court erred in finding that its original petition and supplemental and amending petition failed to state a cause of action and erred in maintaining the School Board's peremptory exception pleading the objection. B & C argues that its petitions properly alleged that the School Board violated certain provisions of Louisiana's public bid law, LSA-R.S. 38:2211, et seq., by awarding the bid proposal to a competing bidder, Charlie's; and, further, that unlike B & C's bid, Charlie's bid did not claim a "Louisiana Preference" pursuant to LSA-R.S. *620 38:2251.[2] Thus, B & C argues, it was thereby entitled to the preferences set forth under the statute.
The record contains no annexed documents to the original petition and supplemental amending petition. Thus, our review is confined to the well-pleaded allegations of fact in the petition before us, which we must accept as true for purposes of review. Paragraph 2 of the original petition filed by B & C classified the bid as one for "alternator and starter repairs to be performed from March of 2001 through June 30, 2001." In paragraph No. 7 of the petition, B & C again states that the School Board issued a request for proposals "for alternators and starter repairs to be performed from July 1, 2001, through June 30, 2002." Although B & C's original petition references two attachments, labeled "D" and "H," that are alleged to be incorporated in the petition, we note that no attachments accompany the original or first supplemental and amending petition in the record before us. Thus, our review is confined to the allegations of the petitions in determining whether B & C's allegations set forth a cause of action under applicable Louisiana bid laws.
In Wallace Stevens, Inc. v. Lafourche Parish Hospital District No. 3, 323 So.2d 794 (La.1975), a case that arose from a parish contract for telecommunications services, the Supreme Court held that the public bid law was intended to apply to "public works" and not to public service contracts. (For discussion see Wallace, 323 So.2d at 795-797). A "public work" is defined in LSA-R.S. 38:2211(A)(11) as the "erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity."
Thereafter, numerous courts have followed the principles set forth by the Supreme Court in Wallace in concluding that particular service contracts were not considered to be "public works" and were not subject to the public bid laws. See Browning-Ferris, Inc. v. City of Monroe, 465 So.2d 882 (La.App. 2nd Cir.), writ denied, 467 So.2d 538 (La.1985), where a city contracted for waste disposal services; see Tiger Air & Heat, L.L.C. v. Jefferson Parish School Board, 2002-610, p. 6 (La.App. 5th Cir.10/16/02), 832 So.2d 324, writ denied, 2002-2762 (La.3/14/03), 839 So.2d 35, where a parish school board contracted for maintenance, service and repair of the heating, ventilation, and air conditioning systems of schools; see Lafourche Parish Water District No. 1 v. Carl Heck Engineers, Inc., 346 So.2d 769 (La.App. 1st Cir.), writ refused, 349 So.2d 873 (La. 1977), where parish contracted for engineering services; and see also, American Waste and Pollution Control Company v. Madison Parish Police Jury, 488 So.2d 940, 941 (La.1986), where the parish contracted for a "sole and exclusive franchise, license and privilege to provide solid waste collection, removal and disposal services."
Nonetheless, B & C's petition asserts it is entitled to recovery under the Louisiana preference statute and the public bid laws of Louisiana for alleged errors in the award of bids for "repair services of alternators and starters." As the trial court correctly concluded, a contract for repair services does not fall within the purview of the Louisiana public bid laws; thus we agree that the petitions fail to state a *621 cause of action for recovery on this basis. Accordingly, the trial court correctly maintained the school board's first peremptory exception pleading the objection of no cause of action.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2
B & C next contends that the trial court erred in maintaining the School Board's peremptory exception pleading the objection of no cause of action filed in response to B & C's second supplemental and amending petition. In doing so, the trial court found that the petition failed to state a cause of action under the Louisiana public bid laws because an invitation for bids for repair services is not governed by the public bid law. The court further held that the petition fails to state a cause of action based on any theory of detrimental reliance, as B & C made no claim in its petition that the School Board promised that B & C would receive the service contract.
B & C's second supplemental and amending petition states "that B & C relied, to its detriment, upon the School Board to extend to B & C the preference pursuant to La. R.S. 38:2252, which the School Board had extended to it in the past."[3] According to the petition, the School Board refused to extend the preference; thus, B & C alleged it has suffered damages. In support, B & C attached as exhibits the School Board's "Tabulation of Bids" for Bid Nos. 20-99, 19-00, and 19-01, which were bids previously awarded to B & C; the "Bid Proposal Form" and "Specifications and Bid Form" completed by B & C, for Bid No. 49-01; the "Invitation for Bid" issued by the School Board for Bid No. 49-01, and the "Bid Proposal Form" and "Specifications and Bid Form" completed by Charlie's.
Notably, both the "Invitation for Bid" for Bid No. 49-01 and "Specifications and Bid Form" for Bid No. 49-01 attached as exhibits to B & C's second supplemental and amending petition are entitled "Alternator and Starter Repairs." Additionally, the "Specifications and Bid Form" provides that all alternators and starters "will be picked up for repairs, and delivered back to the mechanic shop within 8 hours to minimize vehicle down time." The bid specifications further require the units to be disassembled and cleaned, with all parts to be inspected and replaced as needed.
In its brief, B & C argues that the rebuilt alternators and starters subject to the requests for proposals herein are products "assembled" in Louisiana, thereby entitling B & C to a preference pursuant to LSA-R.S. 38:2251. Section A(1) of the statute defines "assembled" as "the process of putting together all component parts of an item of equipment by the manufacturer when the assembly plant is located within the territorial borders of the state of Louisiana." Notably absent, however, is any allegation by B & C that it is the "manufacturer" of the parts to be utilized herein.
Thus, accepting B & C's allegations as pled in the petition as true, B & C's second supplemental and amending petition fails to allege any facts which, if taken as true, show the invitation for bids herein was for any contract other than a contract for services or repairs, as would entitle B & C to recovery under the provisions of the public bid laws. Instead, in its second supplemental and amending petition filed, *622 after the trial court maintained the School Board's initial exception, B & C merely asserts additional details upon which the bids were handled and alleges that it detrimentally relied on "the preference under La. R.S. 38:2252 which the School Board has extended to it in the past."
Based upon our review of the original petition and the second supplemental and amending petition and its attachments, we find no error in the trial court's conclusion that B & C's filings fail to state a cause of action for which recovery may be had under the Louisiana public bid laws. As the trial court correctly observed:
The contract at issue is one for the services of repairing motor vehicles parts owned by the School Board, thus there is no public works contract at issue.
Further, the ... petition fails to state a cause of action based on Louisiana Preference, as provided by Louisiana Revised Statute 38:2251, because B & C has not alleged in [its] pleadings that it was the manufacturer of the parts to be used in servicing the School Board's starters and alternators. In the case of automotive parts, if a Louisiana company or corporation manufactures its parts, clearly the company would qualify for Louisiana Preference. Thus, because B & C was not a manufacturer of the parts B & C was not eligible for Louisiana Preference.
Lastly, the court agrees and finds that the petition fails to state a cause of action based on the theory of detrimental reliance as B & C made no claim in its petition that the School Board made a promise that B & C would receive the service contract. Thus, there existed no promise on which to induce B & C to rely to its detriment. At no time did the School Board promise B & C the benefit of the Louisiana Preference, even if B & C claimed the preference on the bid form.... [Because] the items for which preference is claimed does not qualify as a product manufactured, processed, produced or assembled in Louisiana, the bidder does not receive the benefit of the Louisiana Preference.
Thus, we pretermit discussion of B & C's claim that the School Board improperly issued or awarded the bid to another bidder.
We find no merit to this assignment.

CONCLUSION
For the above and foregoing reasons, we affirm the rulings of the trial court, maintaining the School Board's peremptory exceptions pleading the objection of no cause of action and dismissing the case, with prejudice. Costs of this appeal are assessed against the plaintiff, B & C Electric, Inc.
AFFIRMED.
NOTES
[1] Judge Philip C. Ciaccio (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Louisiana Revised Statutes 38:2251 provides a preference for Louisiana products over out-of-state products when there is a difference in the bid amount of less than seven percent. Ferrara Fire Apparatus, Inc. v. City of Morgan City, 600 So.2d 1387, 1388 (La.App. 1st Cir.), writ denied, 605 So.2d 1116 (La.1992).
[3] Louisiana Revised Statute 38:2252 provides: All requests for bids and proposals for any purchase shall contain the words: "Preference is hereby given to materials, supplies and provisions, produced, manufactured or grown in Louisiana, quality being equal to articles offered by competitors outside of the state."