Dear Mr. Mitchell
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Ouachita Parish Police Jury, you have asked for our opinion regarding application of the Louisiana Public Bid Law to a contract whereby a vendor would provide food services at the Ouachita Parish jail.
Your request indicates that presently meals for the prisoners and staff of the Ouachita Correctional Facility ("OCC") are prepared with inmate labor under the supervision of Sheriff employees. The food items are purchased from wholesale vendors pursuant to state law with some vegetables being grown on the prison farm.
Your request further indicates that the Police Jury and Sheriff have been approached by vendors offering to provide a contract food service to feed the prisoners and staff at OCC with the vendor billing the Police Jury/Sheriff a fixed price for each plate served. In consideration of this per plate price, the vendor would provide a kitchen manager and possible assistants, who would be employed by the vendor.
Through this manager, the vendor would plan menus and stock the necessary food and supplies. The meals would be prepared in the OCC kitchen using OCC's equipment and inmate labor, all under the supervision of the vendor's manager. OCC would also provide the vendor with on-site storage space for the stocks of food, but that inventory would remain the property of the vendor. You ask for our opinion on how Louisiana's Public Bid Law would apply to this proposed food services contract.
As a "public entity," as defined in La.R.S. 38:2211(A)(11), the Ouachita Parish Police Jury is subject to the provisions of the Louisiana Public Bid Law, La.R.S. 38:2211 et seq. Under the Public Bid Law, contracts for the purchase of materials and supplies exceeding $20,000 must be advertised and let by contract to the lowest responsible and responsive bidder. La.R.S. 38:2212.1(A)(1)(a). Contracts for the purchase of materials and supplies costing $10,000 or more, but less than $20,000, must be made by *Page 2 
obtaining no fewer than three telephone or facsimile quotations. La.R.S.38:2212.1(A)(1)(b). While public entities are subject to the Public Bid Law when making certain purchases of materials or supplies, our courts have held that contracts for services are not subject to the requirements of the Public Bid Law. See B C Electric, Inc. v. East Baton RougeParish School Board, 849 So.2d 616 (La.App. 1st Cir. 2003). Numerous Attorney General Opinions have expressed the same conclusion in response to inquiries on a wide variety of service contracts. See generally
Attorney General Opinion No. 00-246.
However when a contract involves the merger of services with the purchase of materials and supplies, as is the case here, a factual determination must be made as to whether the predominant or substantial component of the contract would be for the services provided or for the materials and supplies. See Attorney General Opinion Nos. 88-392 and 99-280.
As a general rule, the Attorney Genera's Office refrains from conducting factual determinations. Nevertheless, if a contract has a substantial materials and supplies component compared to its services component, it is our opinion that the Public Bid Law would be applicable. If the predominant or substantial component of the contract in question is for the services provided, it is our opinion that the contract would be characterized as one for services and would not be subject to the requirements of the Public Bid Law.
From your opinion request, it appears that the only "service" related elements contemplated by the proposed contract are the providing of menu planning and supervision/management services. Under the contract, meals will continue to be prepared by inmates using OCC's equipment and in OCC's kitchen. Further, the proposed contract contemplates that the vendor will have the responsibility of purchasing the food materials necessary to prepare the meals.
Based on the information provided to us, we believe the predominant component of the proposed food services contract is the purchase of food materials needed to prepare the meals. We believe such a component constitutes the purchase of materials and supplies under the Public Bid Law. Accordingly, we are of the opinion that the Louisiana Public Bid Law is applicable to the proposed contract and the contract should be let for bid in accordance with the Public Bid Law.
In accord is Attorney General Opinion No. 88-392, which provided:
 "In a situation where a contract has a very substantial materials component, a substantial non-professional services component, and a relatively small professional services component, it is our opinion that the *Page 3 
Public Bid Law is applicable. To conclude otherwise would be to invite widespread abuse of the Public Bid Law."
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY:____________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 CCF, JR/MJV/crt