Dear Representative Schroder, Sr.:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion on a matter concerning Louisiana's Public Bid Law. In connection with your request, you have submitted two (2) documents for our review. The first document appears to be a Request for Proposals issued by the City of Palmetto for Automatic Meter Read Equipment. The second document appears to be a Service Agreement executed by the Village of Palmetto and Triton Water Technologies. You have concerns that as written, both of these agreements may circumvent the bid law.
Our review of the Request for Proposals indicates that it appears to be an attempt to procure materials and supplies. The specific language of the Request for Proposal provides the following:
 "[t]he City of Palmetto . . . hereby invites responses to this Request for Proposals . . . for Automatic Meter Read Equipment. The City is interested in the purchase of a system capable of automatically reading all the water meters city wide."
According to the Request for Proposals, the proposed Automatic Meter Reading ("AMR") System must be capable of collecting data from meters via telecommunications and collecting that data at a remote location. The Request for Proposals further provides the specifications for the City of Palmetto's desired system. Pursuant to the Request for Proposals, the system should include the following components:
 • Meters
 • Meter register or index capable of generating pulses corresponding to the consumption through the meter, or creating an electronic data stream containing *Page 2 
its current reading as well as additional information (cumulative consumption, peak demand, alarm flags, etc.)
 • Telemetry interface unit ("TIU") connected to the meter that transmits the information
 • Communication network or system to collect and transfer the data from the TIU to the utility's offices. For radio systems, there may also be a local data collection communications network to the utility's offices.
 • An AMR control computer or utility terminal unit ("UTU") to receive, collect and manage this data
 • Software to run the system and present the data to the utility's billing and other information systems
Our review of the Service Agreement indicates that it appears to be a master service agreement which calls for Triton Water Technologies to develop and install a water system infrastructure improvement program. According to the Service Agreement, this water system infrastructure improvement program must: 1) provide needed improvement to the customers aging water systems, 2) be self-funded and financed in a way that the city pays no money up-front for any services, 3) provide a financial solution where the city pays no more for the project then it realizes in savings and revenues produced by the project, 4) provide all surveying, engineering, project management and installation labor for a complete job and services for the procurement of all required equipment, with equipment purchased directly by the customer.
The Service Agreement appears to contain a mix of project management services, project development services, and engineering services. The Service Agreement also obligates Triton to perform labor, to wit: installing all equipment and material, removing meter box lids along with any debris from the inside of the meter box, vacuuming sand out the meter boxes, installing AMR transmitters, etc.
As a public entity, as defined in La.R.S. 38:2211(A)(11), the City of Palmetto is subject to the provisions of the Louisiana Public Bid Law. La.R.S. 38:2211 et seq. Under Louisiana's Public Bid Law, contracts for the purchase of materials and supplies exceeding $20,000 must be advertised and let by contract to the lowest responsible and responsive bidder. La.R.S. 38:2212.1(A)(1)(a). This is commonly referred to as the Invitation to Bid ("ITB") method. Contracts for the purchase of materials and supplies costing $10,000 or more, but less than $20,000, must be made by obtaining no fewer than three telephone or facsimile quotations. La.R.S. 38:2212.1(A)(1)(b). For purchases of less than $10,000, there is no prescribed procurement method.
In addition to the customary ITB method for purchases of $20,000 or more, Louisiana's Public Bid Law allows political subdivisions to use Request for Proposals when *Page 3 
procuring telecommunications or data processing systems, equipment, and related services. See La.Rev.Stat. 38:2234, et. seq. Further, La.Rev.Stat. 33:4547.1 allows any political subdivision to enter into a performance-based energy efficiency contract for services and equipment. Such a contract is considered a contract for services and is exempt from the provisions of La.Rev.Stat. 38:2212.
After review of the Request for Proposals for Automatic Meter Read Equipment, it appears that the City of Palmetto has elected to follow the provisions of La.Rev.Stat. 38:2234 et. seq. in procuring such equipment. It appears that such an approach is acceptable and complies with the bid law.
La.Rev.Stat. 38:2237 provides, in pertinent part, the following:
 § 2237. Methods of procurement
 A. A political subdivision may lease, rent, or purchase telecommunications or data processing systems, including equipment, and related services, through a request for proposals which shall conform to the following requirements:
 (1) Specifications for the telecommunications or data processing systems equipment and related services shall be prepared in advance and shall designate the specific class or classes of equipment desired and may include all features associated with such class or classes of equipment. The specifications may also include requirements for the maintenance of the equipment if desired.
 * * * (6) Public notice of the request for proposals shall be given at least thirty days prior to the date scheduled for opening the request for proposals. In addition, written notice of the request for proposals shall be mailed to persons, firms, or corporations who are known to be in a position to furnish such equipment, systems, and related services. This public notice may also be given by electronic media available to the general public.
 (7) The request for proposals will indicate the relative importance of price and other evaluation factors, shall clearly define the tasks to be performed under the contract, the functional specifications, the criteria to be used in evaluating the proposals and the time frames within which the work must be completed. *Page 4 
 (8) An award shall be made to the responsible offerer whose proposal is determined in writing by the governing authority of the political subdivision to be the most advantageous, taking into consideration price and other evaluation factors set forth in the request for proposals. No other basis of evaluation shall be used except those set out in the request for proposals.
 (9) The governing authority of the political subdivision may reject all proposals when it is deemed that such action is in the best interest of such political subdivision.
 (10) Where written proposals are submitted by vendors, the proposals of the successful vendor shall be incorporated into the final contract consummated with that vendor.
 B. Political subdivisions may, at their option, procure telecommunications and data processing equipment, systems, or related services in accordance with the provisions of any other applicable law which governs such acquisitions or purchases by political subdivisions of the state, including but not limited to R.S. 38:2211 et seq., with respect to awarding of public contracts. However, in the event an invitation for bids is used in lieu of a request for proposals, written notice of that fact shall be given to all bidders and such notice shall also state that the request for proposals procedure will not be applicable.
La.Rev.Stat. 38:2236 defines telecommunications equipment, systems, and related services as equipment and means to provide electronic transmission facilities, data transmission systems, voice transmission systems, telephone systems, facsimile systems, radio paging services, mobile telephone services, intercom and electromechanical paging systems, and any and all systems based on emerging and future telecommunication technologies relative to the above-mentioned systems.
The equipment and system described in the City of Palmetto's Request for Proposals appears to be in accord with the definition of telecommunications equipment and systems provided for in La.Rev.Stat.38:2236. As such, we are of the opinion that provided all of the provisions of La.Rev.Stat. 38:2237 are followed, the City of Palmetto is authorized to use the subject Request for Proposals.
With respect to the Services Agreement, our office has recognized that while public entities are subject to the Public Bid Law when making certain purchases of materials or supplies, Louisiana courts have held that contracts for services are not subject to the requirements of the Public Bid Law. See B C Electric, Inc. v. East Baton Rouge ParishSchool Board, 849 So.2d 616 (La.App. 1st Cir. 2003). Numerous Attorney General Opinions have expressed the same conclusion in response to inquiries on a wide variety of service contracts. Seegenerally Attorney General Opinion No. 00-246, 07-0278. *Page 5 
Based on the information provided to our, we believe the Service Agreement is properly classified as a service contract. The predominant and overriding components are project management services, engineering services, and labor. Accordingly, we are of the opinion that the Louisiana Public Bid Law does not apply to said contract and the the contract does not have to be let for bid.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt