HOOD, Judge.
This action originated as a suit by exec-utory process filed by United Companies Mortgage & Investment of Lake Charles, Inc., to enforce payment of a promissory note secured by a mortgage affecting two lots of land in Calcasieu Parish. The suit was instituted against Nina Mae Brown, who was the maker of the note and the mortgagor. An intervention was filed by Wilson P. Stevens, as “Special Tutor” of the minor children of Nina Mae Brown, demanding a judgment enjoining the sale of the mortgaged property, decreeing that Nina Mae Brown did not have authority to mortgage the interests of her children in the property, and condemning plaintiff, its attorney and the latter’s insurer to pay damages to said intervenor, as Special Tutor of the minor children.
The original plaintiff, United Companies, filed exceptions of no cause and no right of action to the original and supplemental petitions of intervention filed by Stevens. After a hearing, judgment was rendered by the trial court on April 29, 1974, sustaining those exceptions, dismissing the intervention of Stevens with prejudice, and decreeing that the dismissal affects only the claim asserted by Stevens against the original plaintiff, United Companies. Intervenor Stevens has appealed.
The issue presented is whether the original and supplemental petitions of intervention filed by Stevens allege a cause or right of action against plaintiff, United Companies.
We are aware of the settled rule that in determining issues raised by an exception of no cause of action, the well pleaded facts in the petition and any annexed documents must be accepted as true, and that a suit will not be dismissed on such an exception if the facts alleged in the petition and shown in the annexed documents set forth a cause of action as to any part of the demand. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961); Louisiana & Arkansas Railway Company v. Goslin, 258 La. 530, 246 So.2d 852 (1971).
The pleadings show that Ernest Brown, Jr., died in 1969, leaving as his sole survivors his widow, Nina Mae Brown, and their three minor children. The succession *822 of Ernest Brown, Jr., has not been opened, but tutorship proceedings were instituted and Nina Mae Brown was appointed as Natural Tutrix of her children. In connection with that tutorship proceeding an Extract of Inventory was recorded in December, 1970, which operated as a legal mortgage for the sum of $5,000.00, in favor of defendant’s minor children, on all property owned by Nina Mae Brown, including any interest she might have in the above mentioned real property.
On April 20, 1972, Nina Mae Brown executed a promissory note for $12,768.00 in favor of “Ourselves,” and endorsed in blank, which note was secured by a mortgage affecting the above mentioned real property in Calcasieu Parish. The note and mortgage were signed solely by Nina Mae Brown. She did not purport to execute either document for or in behalf of her children, and no authority was sought or obtained for her to mortgage or encumber the interests of the minors in that property.
The maker allegedly defaulted in paying the note, and- the owner, United Companies, instituted this foreclosure proceeding by executory process on June 1, 1973. The property was seized and was advertised to be sold on September 19, 1973. Stevens, alleging that he had been “duly appointed the Special Tutor” of defendant’s minor children, filed the above mentioned petition of intervention on September 18, 1973. A temporary restraining order was issued on that date, but it was not served on plaintiff or the sheriff until the Sheriff’s Sale had been held and the property had been adjudicated to plaintiff, United Companies. Service was made shortly after that sale, and the sheriff thereupon withheld the filing of a sheriff’s deed and the disbursement of the proceeds of the sale until ordered to do so by the court.
After the rule for a preliminary injunction was tried, judgment was rendered by the trial court (1) granting a preliminary injunction in favor of Stevens, on behalf of the minor children, “only insofar as to their ownership and interest, if any, in the property affected herein,” and (2) directing the Sheriff of Calcasieu Parish to convey to plaintiff, United Companies, “the interest in the subject property of Nina Mae Brown, individually upon payment of the court costs and sheriff’s fees and costs as required by law pursuant to the subject executory proceedings.”
A sheriff’s deed was then filed and recorded on March 7, 1974, purporting to convey to plaintiff, United Companies, “all right, title and interest of Nina Mae Brown, individually,” in the subject property. The sheriff’s deed also recites that the property was encumbered with other mortgages or liens, one of which was the above mentioned Extract of Inventory for $5,000.00, which operated as a legal mortgage on all property owned by Nina Mae Brown in favor of her three minor children. It is apparent that the sheriff’s deed conveyed to United Companies only the interest in the subject property which was owned by Nina Mae Brown, individually, and that the sale was made subject to the legal mortgage which exists in favor of Mrs. Brown’s minor children.
After the sheriff’s deed was filed and recorded, United Companies filed exceptions of no right and no cause of action to the original and supplemental petitions of intervenor, Stevens. Following a hearing, judgment was rendered by the trial court on April 29, 1974, sustaining the exceptions of no cause and no right of action, and dismissing with prejudice the claim of Wilson P. Stevens, as Special Tutor for the above mentioned minor children. The judgment stipulates that the dismissal affects “only that claim asserted against United Companies Mortgage & Investment of Lake Charles, Inc.” Stevens appealed from that judgment, and that appeal is before us now.
We have concluded that there was no error in the judgment of the trial court which sustained the exception of no cause of action filed by United Companies to the petitions of intervention filed by Stevens.
*823 The record does not show the interest, if any, which Nina Mae Brown owns in the subject property, or the interests owned by her minor children in that property. The pleadings and documentary evidence do show, however, that Mrs. Brown did not obligate her children, or the estate of those children, for this indebtedness to United Companies, and she did not mortgage the interests which her children may own in the subject property to secure that indebtedness.
The promissory note which evidences the indebtedness and the mortgage which secured it were executed by Nina Mae Brown, individually. This foreclosure proceeding was instituted solely against Nina Mae Brown, individually. The plaintiff in this suit, United Companies, does not demand that the minor children of Mrs. Brown be compelled to pay any part of the indebtedness, and it does not seek to have any interest owned by the minors in the mortgaged property sold to pay that debt.
The judgment rendered by the trial court on November 14, 1973, granting a limited preliminary injunction and directing the sheriff to convey the property to plaintiff under conditions therein specified, recognized that the only interest which was conveyed to and acquired by United Companies by means of the sheriff’s deed was the interest which previously had been owned by Nina Mae Brown, individually. The interest which may have been owned by the minors in that property was not conveyed.
The conveyance of the subject property to United Companies, as a result of the foreclosure proceedings and the sheriff’s deed, was made subject to the previously recorded Extract of Inventory, evidencing a lien in favor of Mrs. Brown’s minor children, and the children thus were not deprived of any right, interest or lien they may have had in or on the property which was so conveyed.
The fact that Mrs. Brown was appointed as Natural Tutrix of her minor children did not deprive her of the right to mortgage or alienate any interest which she may have owned, individually, in this or any other property, provided that in doing so she does not deprive the minors of any property or rights they possessed. The evidence in this case shows that the property rights and liens of the minor children have been preserved.
Mrs. Brown thus had not obligated her minor children to pay any part of the indebtedness represented by the above mentioned promissory note. She has not attempted to mortgage any interest which the children might own in the above mentioned two lots, and United Companies acquired no property right or interest owned by defendant’s minor children. Under those circumstances, we agree with the trial court that the children, through their Special Tutor, have no cause of action to enjoin the sale of Mrs. Brown’s property which was mortgaged to secure her individual indebtedness. We also agree that the intervenor has failed to allege a cause of action to recover damages from United Companies. No issue is presented here as to whether the children, through a proper legal representative, have a cause of action for damages or other relief against any other party to this suit.
Intervenor Stevens argues that he is entitled to enjoin the sale and to recover damages from United Companies because the Natural Tutrix, Nina Mae Brown, and the court failed to protect the interests of the minor children. He contends, among other things, that (1) Mrs. Brown has exhausted all of the funds which belonged to the minors and has made no accounting of the administration of their estate; (2) the undertutor originally appointed for the minors is an absentee, and the court has failed to appoint another undertutor or an attorney ad' hoc for the minors; (3) the court required intervenor to furnish a $1,500.00 bond in order to obtain a temporary restraining order, which bond the in-tervenor contends was unnecessary; (4) the court required the Natural Tutrix to furnish a legal mortgage of only $5,000.00 *824 to protect the minors, which security was inadequate; (5) United Companies was in bad faith primarily in obtaining the mortgage from Mrs. Brown without first obtaining authorization of the court for her to mortgage property in which the minors had an interest; and (6) the mortgage is null and void.
We find that some of these arguments are not supported by the pleadings and that the others are not relevant to the issues which are presented here. The question of whether Mrs. Brown has squandered funds belonging to the minors or has failed to file an accounting are questions which should be raised in the tutorship proceeding, not here. The. fact that intervenor was required to furnish a $1,500.00 bond before obtaining the temporary restraining order does not entitle in-tervenor to the injunctive relief and to the damages claimed in his reconventional demand, regardless of whether such a bond should have been required. The question of whether a legal mortgage of only $5,000.00 was adequate to protect the minors is one which must be determined in the tutorship proceeding, and not in the action which is before us here. And, the facts alleged in the petitions of intervention and shown in the documents appearing in the record do not show that the mortgage executed by Nina Mae Brown was void or that United Companies was in bad faith.
Our conclusion is that the judgment of the trial court is correct in sustaining the exception of no cause of action filed by United Companies to the intervention of Stevens. Since the pleadings fail to set out a cause of action, it is unnecessary for us to consider whether the intervenor also had a right of action.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to the intervenor-appellant, Wilson P. Stevens.
Affirmed.