503 So.2d 605 (1987)
Beulah McSWAIN
v.
Paul E. BRYANT, Jr. and Barbara W. Bryant/Leary.
No. CA-6105.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
*606 G. Patrick Hand, Jr., Hand & Markey, New Orleans, for Dorothy Burrell Bryant intervenor/appellee.
A.D. Freeman, of Satterlee, Mestayer & Freeman, New Orleans, for Beulah McSwain plaintiff/appellant.
Before SCHOTT, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
This is an appeal from a judgment which granted a permanent injunction restraining the sheriff's sale of property held in indivision by Dorothy Burell Bryant and her ex-husband Paul Bryant and dismissing the reconventional demand of appellant Beulah McSwain. We reverse.
In October, 1975 Paul and Dorothy Bryant were divorced. The Bryants did not partition their community property at that time and so became co-owners in indivision of the property which had comprised the community. Spencer v. Spencer, 273 So.2d 605 (La.App. 4th Cir.1973). Mr. Bryant remarried, and in August 1976 he and his new wife, Barbara Wilson, executed a collateral mortgage on two properties. One of these properties had belonged to Paul and Dorothy Bryant and was still co-owned by them. When the obligation which this mortgage secured became delinquent, the Federal Deposit Insurance Corporation (FDIC), acting as receiver for the bank which made the loan, obtained a judgment against the Bryants with recognition of its privilege on the property in July *607 1982. In March 1983, the appellant, Beulah McSwain, acquired the FDIC's judgment rights against the Bryants for the sum of $32,370.23. In March 1984, Dorothy Bryant obtained a temporary restraining order forbidding the sheriff from selling the property she owned in indivision with her ex-husband. A preliminary injunction was subsequently granted and Mrs. McSwain filed a Reconventional Demand seeking damages for wrongful issuance of the injunction. This demand was dismissed and a permanent injunction was issued. This appeal followed.
The primary issues presented by this appeal are whether a co-owner in indivision can mortgage his undivided interest in immovable property and, if so, whether that undivided interest can be seized and sold to satisfy the delinquent mortgage. We answer both questions in the affirmative and therefore reverse the trial court's ruling and dissolve the injunction.
We are unaware of any statute or case which prohibits an individual from mortgaging his undivided interest in a piece of property, and none have been cited to us. To the contrary, there are numerous cases which recognize directly or indirectly that an owner in indivision can grant a mortgage over his undivided interest in property and that this interest can be seized and sold to satisfy the mortgage. See Beene v. Wilbur, 388 So.2d 435 (La.App. 2nd Cir. 1980), Sutton v. Sutton, 320 So.2d 597 (La.App. 4th Cir.1975), United Companies Mortgage and Investment of Lake Charles Inc. v. Brown, 303 So.2d 820 (La.App. 3rd Cir.1974), Janney v. Lillard, 35 La.Ann. 1198 (La.1883), Johnson v. Weinstock, 31 La.Ann. 698 (La.1879).
We find these authorities persuasive and hold that one who owns property in indivision can mortgage his undivided interest in that property. To the extent that the collateral mortgage purported to extend over Dorothy Bryant's undivided interest in the property it was ineffective. However, as to Paul Bryant's interest, the mortgage was valid and enforceable. See Johnson v. Weinstock, supra, and United Companies v. Brown, supra.
At the time the mortgage was granted there was no outstanding injunction forbidding Mr. Bryant from encumbering his interest in the property, nor had his ex-wife sought partition of that property or an accounting. Although Dorothy Bryant did sue for partition of the community and file a notice of lis pendens, she did not do so until after the mortgage was granted. Under these circumstances, we cannot say that the mortgage was improperly granted or that the mortgagee should have been aware of Dorothy Bryant's claim against the property.
Moreover, we are at a loss to determine on what grounds the trial court granted the injunction in this case. In the pleadings which sought the injunction, Dorothy Bryant alleged that because she had claims for reimbursement against her ex-husband which would off-set his ownership interest in the property she would be irreparably harmed by the sale of his interest. She also claimed that the mortgage was invalid, thus precluding the use of executory process. We do not agree.
The seizure and sale of property by executory process may be arrested by injunction under C.C.P. Art. 2751 if the debt secured by the mortgage is extinguished, legally unenforceable or if the procedure required for executory process has not been followed. These grounds are not exclusive and an injunction can also issue if the requirements of C.C.P. Art. 3601 are met. Executive Office Centers Inc. v. Cournoyer, 433 So.2d 324 (La.App. 4th Cir. 1983). See also comment B to C.C.P. Art. 2751.
Having reviewed the record, we find that none of the grounds justifying the issuance of an injunction were established in this case. Under C.C.P. Art. 2751 an injunction to arrest seizure and sale is available to "the defendant in the executory proceeding ..." (emphasis added). Dorothy Bryant was not made a defendant in the executory proceeding which led to seizure of the property. Thus it appears that the relief granted by this article was not available to her. Moreover, even were *608 she named as a defendant, we find that Dorothy Bryant failed to establish any of the grounds for injunction listed in the Art. 2751. She never claimed at the trial level that the underlying debt was extinguished or that the procedure for executory process had not been followed. Her claim was that the mortgage was illegally granted and therefore unenforceable. However, for the reasons discussed earlier in this opinion, we reject this argument and hold that an injunction under C.C.P. Art. 2751 was not available to Dorothy Bryant.
To obtain injunctive relief the plaintiff must show that he will prevail on the merits of the case and that irreparable harm will result if the injunction does not issue. C.C.P. Art. 3601. An irreparable injury is one for which the party injured cannot be adequately compensated in money damages or which cannot be measured by pecuniary standards. Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314 (La.1981), cert. denied 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1981).
In this case, Dorothy Bryant based her suit for an injunction on allegations that her ex-husband would owe her an amount in excess of the value of his one half interest in the property as reimbursement for mortgage payments, insurance and maintenance which she had paid on the property during the nine years since their divorce. In our opinion, this claim is easily reduced to a money judgment and thus does not constitute irreparable injury under C.C.P. Art. 3601. For the foregoing reasons, we reverse the trial court's judgment permanently enjoining the sale of the property.
Mrs. McSwain also claims that the trial court erred by not granting her reconventional demand for damages and attorney fees for wrongful issuance of the injunction. These damages may be awarded under either C.C.P. Art. 2751 or Art. 3607, but at the trial court's discretion. Because the trial judge granted the injuntion, he did not reach the issue of damages, or attorney fees and did not have the opportunity to exercise his discretion on these issues. Although the parties entered into a stipulation regarding the number of hours Mrs. McSwain's attorneys spent on her case, the cost of that work, and the cost of reinstituting the fifa, the trial judge was not bound to award this amount. In the exercise of his discretion, he could have fixed what he felt was a reasonable fee, based on his first hand knowledge of the complexity of the case and the work which was necessary to present it. Vidal v. Sterlington Gas Corporation, 182 La. 19, 161 So. 6 (1935).
The record in this case does not contain transcripts of the earlier hearings which led to the granting of the preliminary injunction and it is therefore difficult for us to determine how much time and effort it should have taken to oppose the injunction. Under these circumstances we think the better course is to remand the case to the District Court for a hearing to determine what a reasonable amount of attorney fees and damages would be in this case, given his knowledge of the proceedings and the stipulation entered into by the parties.
The trial court's ruling granting a permanent injunction is reversed, the injunction is dissolved, and the case is remanded for a hearing to determine reasonable attorney fees and damages arising from the wrongful issuance of the injunction. All costs are assessed against intervenor-appellee.
REVERSED AND REMANDED.