835 So.2d 576 (2002)
Agnes B. CARDINALE
v.
Thomas A. STANGA
No. 2001 CA 1443.
Court of Appeal of Louisiana, First Circuit.
September 27, 2002.
*577 Craig P. Hart, Covington, for Plaintiff-Appellant Agnes B. Cardinale.
Douglas T. Curet, Hammond, for Defendant-Appellee Thomas A. Stanga.
Gary M. Peltier, Hammond, for Defendant-Appellee Ponchatoula Homestead Savings, F.A.
Before: CARTER, C.J., PARRO and CLAIBORNE[1], JJ.
PARRO, J.
In this negligence action against a lender of money for failing to transfer an ownership interest in immovable property from one co-borrower to another in conjunction with a loan secured by such immovable property, the trial court granted the lender's peremptory exception raising the objection of no cause of action. The non-owner borrower appeals. For the following reasons, the judgment of the trial court is affirmed.

Factual and Procedural Background
In April 1994, Agnes B. Cardinale (Cardinale) and Thomas A. Stanga (Stanga) began to reside together in a home owned by Stanga. Because of their deteriorating relationship, Cardinale moved from Stanga's home in September 1998. On March 1, 2000, Cardinale filed suit against Stanga for breach of contract. In her petition, Cardinale alleged that she and Stanga borrowed $160,000 from Ponchatoula Homestead Savings, F.A. (Homestead) on May 1, 1998, for the purpose of consolidating Stanga's debts, paying off the liens on his residence, and making home improvements. This debt was evidenced by a note, which was secured by a mortgage on Stanga's residence. According to Cardinale, Stanga agreed to "amend the title to the residence to include [her] name to reflect her position as co-borrower on the mortgage and to reflect her one-half equity interest in the residence" as reimbursement to her of the loans made to him by her and in consideration of her being a co-obligor on the $160,000 loan. Allegedly, Stanga breached this agreement by failing to transfer an equity interest in the residence to her; in particular, he failed to execute the appropriate documentation to place her name on the title to the residence.
By a supplemental and amending petition filed on September 22, 2000, Cardinale added Homestead as a defendant. Cardinale alleged that the "Uniform Residential Loan Application" completed in conjunction with the May 1, 1998 loan to Cardinale and Stanga evidenced that the parties intended that the title to the residence be held in the name of both borrowers since both would be obligated on the $160,000 loan. According to Cardinale, Homestead was negligent in failing "to transfer any interest" in the residence to her based on the information contained in the loan application.
*578 Homestead responded with a peremptory exception raising the objections of prescription, no cause of action, and no right of action. Being neither an attorney nor a notary public, Homestead indicated that it did not have the legal right to transfer any interest in the property. Accordingly, Homestead maintained that Cardinale had not stated a cause of action against it.
Following a hearing on these objections, the trial court sustained Homestead's exception raising the objection of no cause of action and dismissed Cardinale's claims against Homestead. In so ruling, the trial court noted that in the absence of "I hereby convey, sell, transfer" language within the loan application, there was no written agreement to convey immovable property. Thus, the trial court found that Cardinale would not be entitled to recover from Homestead based on the facts alleged. Cardinale appeals, contending the trial court erred in sustaining Homestead's exception.[2]

Applicable Law
The purpose of an exception raising the objection of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the petition. For the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690 (La.7/5/94), 640 So.2d 237, 241; see LSA-C.C.P. arts. 927, 931. Furthermore, the facts shown in any annexed documents must also be accepted as true. United Companies Mortgage & Investment of Lake Charles, Inc. v. Brown, 303 So.2d 820, 821 (La.App. 3rd Cir.1974); see LSA-C.C.P. art. 853.
In ruling on a peremptory exception pleading the objection of no cause of action, the court must determine whether the law affords any relief to the claimant if the factual allegations in the petition and annexed documents are proven at trial. Southside Civic Association v. Warrington, 93-0890 (La.App. 1st Cir.4/8/94), 635 So.2d 721, 723, writ denied, 94-1219 (La.7/1/94), 639 So.2d 1168. The burden of demonstrating that no cause of action has been stated is upon the exceptor. Home Distribution, Inc. v. Dollar Amusement, Inc., 98-1692 (La.App. 1st Cir.9/24/99), 754 So.2d 1057, 1060.
If the facts alleged in the petition and shown in the annexed documents set forth a cause of action as to any part of the demand, the exception must be overruled. Succession of Bertaut, 572 So.2d 142, 144 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1111 (La.1991); United Companies Mortgage & Investment of Lake Charles, Inc. v. Brown, 303 So.2d at 821. Any doubts are resolved in favor of the legal sufficiency of the petition. Lambert v. Riverboat Gaming Enforcement Division, 96-1856 (La.App. 1st Cir.12/29/97), 706 So.2d 172, 175, writ denied, 98-0297 (La.3/20/98), 715 So.2d 1221. In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, the court of appeal should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. City of New Orleans v. Board of Commissioners of Orleans Levee District, 640 So.2d at 253.

*579 Analysis
Cardinale contends the trial court erred in sustaining Homestead's peremptory exception raising the objection of no cause of action based on its failure to consider the loan application, that was submitted to Homestead, as a written indication of the parties' intent to transfer partial ownership of the property.
Relative to the voluntary transfer of ownership of an immovable, LSA-C.C. art. 517 provides:
The ownership of an immovable is voluntarily transferred by a contract between the owner and the transferee that purports to transfer the ownership of the immovable. The transfer of ownership takes place between the parties by the effect of the agreement and against third persons when the contract is filed for registry in the conveyance records of the parish in which the immovable is located.
Immovable property may only be alienated by the owner or by persons authorized by him or by law. LSA-C.C. art. 517, comment (b).
A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal. LSA-C.C. art. 2989. The contract of mandate is not required to be in any particular form. Nevertheless, when the law prescribes a certain form for an act, a mandate authorizing the act must be in that form. LSA-C.C. art. 2993. The authority to alienate, acquire, encumber, or lease a thing must be given expressly. LSA-C.C. art. 2996.
A contract to sell must set forth the thing and the price, and meet the formal requirements of the sale it contemplates. LSA-C.C. art. 2623. A sale or promise of sale of immovable property must be made by authentic act or by act under private signature, except as provided by LSA-C.C. art. 1839. LSA-C.C. art. 2440. Therefore, pursuant to LSA-C.C. art. 2993, a mandate authorizing the mandatary to make a transfer of immovable property must be made by authentic act or by act under private signature.
An authentic act is a writing executed before a notary public or other officer authorized to perform that function, in the presence of two witnesses, and signed by each party who executed it, by each witness, and by each notary public before whom it was executed. LSA-C.C. art. 1833. An act under private signature is regarded prima facie as the true and genuine act of a party executing it when his signature has been acknowledged, and the act shall be admitted in evidence without further proof. LSA-C.C. art. 1836. When the law requires a contract to be in written form, the contract may not be proved by testimony or by presumption. LSA-C.C. art. 1832.
The supplemental and amending petition makes no allegations of fact that support the existence of a valid act of mandate between Stanga and Homestead such that Homestead would have had the authority to transfer a one-half interest in Stanga's residence to Cardinale on behalf of Stanga. Nor does it contain allegations of fact sufficient to afford her relief relative to Homestead for the absence of an authentic act or act under private signature transferring just title to her of a one-half interest in the property in question. Therefore, accepting as true the well-pleaded facts in Cardinale's petition, as supplemented, and those shown by the "Uniform Residential Loan Application," we conclude that Homestead has demonstrated that no cause of action has been stated by Cardinale against it. Accordingly, the exception pleading the *580 objection of no cause of action was properly sustained by the trial court.

Decree
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Agnes B. Cardinale.
AFFIRMED.
NOTES
[1] Judge Ian W. Claiborne, retired from the Eighteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Since the supplemental and amending petition adding Homestead as a party defendant, as well as the original petition, were filed after January 1, 2000, the judgment dismissing only Homestead from this action constitutes a final judgment for purposes of appeal without the need for the designation of that judgment as such. See LSA-C.C.P. art.1915.