1 ¡..GUIDRY, J.
In this property dispute, the plaintiff appeals a judgment sustaining a peremptory exception raising the objection of no cause of action. Having reviewed the plaintiffs original and amended petitions on their face, we reverse in part and remand.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Debra Tonzi Perrin, purchased a piece of property located at 2627 Lake-shore Drive in Mandeville, Louisiana, on May 17, 1997. A few months later, on February 20, 1998, Vincent Perrin Jr., the plaintiffs father-in-law, purchased some undeveloped property located at 2629 Lakeshore Drive. Thereafter, the plaintiff and her husband separated, and she decided to sell the house and property located at 2627 Lakeshore Drive, except for a portion of the land in which she retained ownership.
By a deed of cash sale executed on October 1, 1999, plaintiff sold to Vincent Perrin Jr. that portion of the land at 2627 Lakeshore Drive she had .retained for $3,500. Shortly after this conveyance, Vincent Perrin Jr. died. Among the property listed in his succession was the immovable property located at 2629 Lakeshore Drive and the property conveyed in the October 1,1999 cash sale.
On March 14, 2001, plaintiff filed a petition for damages, declaratory judgment, and for the return of immovable property against the Succession of Vincent R. Per-rin Jr. In the petition, the plaintiff alleged the decedent purchased the property located at 2629 Lakeshore Drive on behalf of the plaintiff and her husband, Vincent Per-rin III, and that the down payment of $33,000 and monthly mortgage payments were all paid by the plaintiff and her estranged husband.
She also alleged the October 1, 1999 cash sale was a nullity because the decedent never paid the purported consideration of $3,500. Rather, she asserted, an agreement existed between the plaintiff and the decedent that he would combine lathe 2629 Lakeshore Drive property with the property received as a result of the October 1, 1999 cash sale, sell the combined property, pay off existing encumbrances against the property, and divide the remaining proceeds between the plaintiff and her estranged husband.
The plaintiff claimed she suffered mental anguish, loss of income, humiliation, embarrassment, and pain and suffering as a result of the fraud perpetrated by the administratrix and heirs of the decedent by including the disputed property in the decedent’s succession. Consequently, she requested damages and attorney fees for the injuries suffered by her in addition to the following specific requests for relief: (1) judgment declaring her the owner of the property located at 2629 Lakeshore Drive, including that portion of 2627 Lake-shore Drive that she conveyed to the decedent; (2) alternatively, that the October 1, 1999 cash sale be set aside as lesionary since the purported consideration of $3,500 was not paid to the plaintiff by the decedent; or (3) that she be awarded the value of the property in dispute in the event the court determines that the plaintiff is not entitled to be recognized as the owner of all or part of the property in dispute.
In response to the plaintiffs petition, the administratrix of the decedent’s succession filed exceptions raising the objections of no *584 cause of action and failure to join indispensable parties. Following a hearing on the exceptions raised by the administra-trix, judgment was rendered sustaining the exceptions and ordering the plaintiff to amend her petition to name the heirs of the decedent’s succession as defendants in her suit. Plaintiff amended her original petition to specifically name the heirs and the administratrix as defendants in the suit.
Thereafter, the decedent’s widow, individually and as administratrix of the succession, and the heirs of the decedent (collectively the “defendants”) excepted to the plaintiffs amended petition raising objections of vagueness, peremption (to |4the claim of lesion), prescription (to the claim for damages), no cause of action, and no right of action. A hearing on the exceptions was held on November 6, 2001, and judgment was rendered sustaining the exceptions objecting to vagueness and per-emption. The remaining exceptions were denied, and the plaintiff was again ordered to amend her petition to remove the objection of vagueness.
On December 6, 2001, the plaintiff filed a second amended petition wherein she reasserted all previous claims, but described with greater particularity and distinction the property in dispute. The defendants excepted to the plaintiffs second amended petition re-urging the objection of no cause of action, arguing that the plaintiff failed “to allege any kind of written agreement between the parties” and, therefore, was precluded from asserting a claim against immovable property at issue. A hearing on the re-urged exception raising the objection of no cause of action was held on April 30, 2002, at which time the trial court rendered judgment in favor of the defendants sustaining the exception. The plaintiff then filed a motion for new trial that was denied by the trial court, and this appeal followed.
DISCUSSION
By this appeal, the plaintiff contends that the trial court erroneously sustained the exception. The plaintiff argues that the trial court improperly considered whether the plaintiff could produce evidence in support of her contentions rather than evaluating her claims on the face of the petition.
In ruling on a peremptory exception pleading the objection of no cause of action, the court must determine whether the law affords any relief to the claimant if the factual allegations in the petition and annexed documents are proven at trial. Cardinale v. Stanga, 01-1443, p. 3 (La. App. 1st Cir.9/27/02), 835 So.2d 576, 578. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the reviewing court IfiConduets a de novo review because the exception raises a question of law, and the lower court’s decision is based only on the sufficiency of the petition. B & C Electric, Inc. v. East Baton Rouge School Board, 02-1578, p. 2 (La.App. 1st Cir.5/9/03), 849 So.2d 616.
The hearing transcript reveals that the trial court sustained the exception raising the objection of no cause of action based on the plaintiffs failure to allege in her petition that a written agreement existed whereby ownership of the property in dispute was conveyed to the plaintiff. A transfer of immovable property must be made by authentic act or by act under private signature. Nevertheless, an oral transfer is valid between the parties when the property has been actually delivered and the transferor recognizes the transfer *585 when interrogated on oath. La. C.C. art. 1839. When the law requires a contract to be in written form, the.contract may not be proved by testimony or by presumption, unless the document has been lost, destroyed, or stolen. La. C.C. art. 1832; Cardinale, 01-1443 at 5, 835 So.2d at 579.
In the case before us, the plaintiff asserts repeatedly throughout her various petitions that “an agreement” was made between her and the decedent as to the disposition of the property in dispute; namely, that the property would be sold, all debts encumbering the property cleared, and the remaining proceeds distributed jointly to the plaintiff and her estranged spouse. A thorough reading of all the petitions filed by the plaintiff indeed reveals that the trial court was correct in finding that the plaintiff never asserted that a written agreement existed that supports the plaintiffs claimed ownership interest in the property at issue.
There are actually two pieces of property in dispute — one in which the plaintiff never held a titled interest and a second in which she held a titled interest that she later conveyed to the decedent. As to the property in which the plaintiff never held a titled interest, the undeveloped property located at 2629 Lakeshore |fiDrive, the plaintiff asserts in her petitions that she has an ownership interest in the property because the down payment and the monthly mortgage payments were paid with money provided to the decedent by the plaintiff and her estranged husband. She further alleges that due to the type of business operated by her estranged husband, a collection agency, it was arranged that ownership of the property would be titled in the name of the decedent.
In Mitchell v. Clark, 448 So.2d 681 (La. 1984), the plaintiff, who had purchased the property at issue and instructed the seller to name her nephew as titleholder, attempted to prove by parol evidence that she did not intend to convey the property to her nephew until she died. The supreme court held that although parol evidence is admissible by a vendor to show that the sale did not take place or that the sale was induced by fraud, parol evidence was not admissible to prove ownership is held by one who never owned the property or to show that the vendee was actually someone other than the person named in the act of sale. Mitchell, 448 So.2d at 685. The supreme court did note that written evidence is admissible to prove any rights with respect to immovable property. Mitchell, 448 So.2d at 686.
Thus, in the case before us, because the plaintiff makes no allegation in her petition that she has written evidence to substantiate the agreement between her and the decedent as to the property located at 2629 Lakeshore Drive, the trial court was correct in maintaining the exception.
The plaintiff alleges that the October I, 1999 cash sale was actually a simulation; therefore, we must consider a different set of legal principles to determine whether the law affords the plaintiff any relief under the facts alleged in regards to that transaction. When, by mutual agreement, a contract does not express the true intents of the parties, the contract is a simulation. La. C.C. art.2025.
There are two types of simulation recognized under Louisiana law — 17absolute and relative. An absolute simulation occurs when the parties to a contract intend that their contract shall produce no effects between them. La. C.C. art.2026. A relative simulation occurs when the parties intend the contract to produce effects but the effects are different than those recited in the contract. La. C.C. art.2027.
In her petitions, the plaintiff alleges that although the October 1, 1999 cash sale *586 recites that $3,500 was paid by the decedent as consideration for the property conveyed by the plaintiff, she never received the money. Instead, she alleges the true consideration for the transaction was the promise by the decedent that he would give the plaintiff half of the proceeds from the sale of the properties combined after clearing all debts encumbering the properties. Thus, based on the facts asserted, the plaintiff alleges that the October 1, 1999 cash sale was a relative simulation.
Louisiana Civil Code article 1848 provides that in the interest of justice, testimonial or other evidence may be admitted to prove such circumstances as a vice of consent or simulation. Parol evidence is admissible to prove á relative simulation and that the plaintiff alleges sufficient facts in her petition that, if proven at trial, she may be afforded relief. Thus, we find the trial court erred in sustaining the defendants’ exception in regard to her claims based on the October 1, 1999 cash sale. Accordingly, we reverse, in part, the judgment of the trial court.
CONCLUSION
Based on the foregoing discussion, we affirm the judgment of the trial court finding that the plaintiff has not stated a cause of action relative to the property located at 2629 Lakeshore Drive. However, pursuant to La. C.C.P. art. 934, we hereby grant the plaintiff leave to amend her petition within 30 days of the issuance of this opinion to assert a cause of action relative to the 2629 Lakeshore Drive property. See Ridgedell v. Succession of Kuyrkendall, 98-1224, p. 14 n. 16 (La.App. 1st Cir.5/19/99), 740 So.2d 173, 183 n. 16.
In regard to the property conveyed in the October 1, 1999 cash sale, we find that the plaintiffs petition does state a cause of action. We, therefore, reverse the judgment of the trial court sustaining the defendants’ exception and dismissing the plaintiffs suit as pertaining to that property. We assess the defendants with the costs of this appeal and remand the case for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.