STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2019 CA 1541

WALTON T. TATE AND CLEAN TITLE, LLC

VERSUS

DEBRA J. JOHNSON, BARBARA IRWIN AND PUJOL, PRYOR, AND
IRWIN, LLC

JUDGMENT RENDERED:   DEC 0 2 2020

* * * * * * *

Appealed from the
Twenty-Third Judicial District Court
In and for the Parish of Ascension • State of Louisiana
Docket Number 122,840 • Division "A"

The Honorable Jason Verdigets, Judge Presiding

* * * * * * *

Douglas D. Brown
Hammond, Louisiana

ATTORNEY FOR APPELLANT
PLAINTIFF—Walton T. Tate and
Clean Title

Barbara L. Irwin
Timothy E. Pujol
Matthew W. Pryor
Gonzales, Louisiana

ATTORNEY FOR APPELLEE,
DEFENDANT—Debra J.
Johnson

Kenneth H. Hooks, III
Baton Rouge, Louisiana

ATTORNEYS FOR APPELLEES,
DEFENDANTS—Barbara L.
Irwin and Pujol, Pryor & Irwin
LLC

* * * * * * *

BEFORE: MCCLENDON, WELCH, AND HOLDRIDGE, JJ.

**WELCH, J.**

Plaintiffs, Walton T. Tate and Clean Title, LLC ("Clean Title"), appeal a judgment sustaining the peremptory exception raising the objection of no cause of action and dismissing, with prejudice, their claims against defendants, Barbara Irwin and Pujol, Pryor, and Irwin, LLC ("PP&I"). For reasons that follow, we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

Defendant, Debra J. Johnson, was the plaintiff in a lawsuit entitled *"Debra J. Johnson v. Debra Hawkins Johnson, Kenneth D. Johnson, Carolyn A. Wismann, Walton T. Tate, and Clean Title, LLC,"* Number 119,790, Division E on the docket of the 23rd Judicial District Court for the Parish of Ascension. Therein, Ms. Johnson, who was represented by Ms. Irwin and her law firm, PP&I, alleged negligent title work by Mr. Tate and Clean Title that caused damage to Ms. Johnson. Ms. Johnson, through Ms. Irwin, subsequently obtained a preliminary default against Mr. Tate and Clean Title and that preliminary default was confirmed at a hearing on March 12, 2018. On that same date, March 12, 2018, the trial court signed a final default judgment in favor of Ms. Johnson and against Mr. Tate and Clean Title in the amount of $18,000, plus interest from the date of judicial demand and all costs of the proceedings. The March 12, 2018 final default judgment was thereafter filed in the mortgage records of Tangipahoa Parish.

On August 9, 2018, Mr. Tate and Clean Title commenced these proceedings seeking to nullify the March 12, 2018 final default judgment on the basis that the service of process obtained on both Mr. Tate and Clean Title was improper. See La. C.C.P. art. 2002(A)(2).[1] Attached to the petition for nullity was the sheriff's

---

[1] Louisiana Code of Civil Procedure article 2002(A)(2) provides that "[a] final judgment shall be annulled if it is rendered ... [a]gainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid final default judgment has not been taken." Additionally, an action to annul a judgment on the grounds listed in La. C.C.P. art. 2002 may be brought at any time. La. C.C.P. art. 2002(B).

return for service of the citation, which reflected that personal service was obtained on "Clean Title thru Walton T. Tate/Shannon Navarro" and that domiciliary service was obtained on Mr. Tate through Gabrielle Pelican at a specific address. See La. C.C.P. art. 1292.[2] Mr. Tate alleged that the domiciliary service address was an office address, not his residence, and that Ms. Pelican did not reside at that address; as such, Mr. Tate claimed that the domiciliary service on him was improper. See La. C.C.P. art. 1234.[3] In addition, Mr. Tate alleged that neither he nor Shannon Navarro were agents of Clean Title; therefore, Mr. Tate maintained that the personal service on Clean Title was likewise improper. See La. C.C.P. arts. 1232[4] and 1235(A).[5]

Mr. Tate and Clean Title further alleged that since service of process and the default judgment were improper, Ms. Irwin violated La. C.C.P. art. 863.[6]

---

[2] Louisiana Code of Civil Procedure article 1292(A) provides, in pertinent part:

> The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct.

[3] Louisiana Code of Civil Procedure article 1234 provides that "[d]omiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment."

[4] Louisiana Code of Civil Procedure article 1232 provides that "[p]ersonal service is made when a proper officer tenders the citation or other process to the person to be served."

[5] Louisiana Code of Civil Procedure article 1235(A) provides that "[s]ervice is made on a person who is represented by another by appointment of court, operation of law, or mandate, through personal or domiciliary service on such representative."

[6] Louisiana Code of Civil Procedure article 863, prior to its amendment by 2020 La. Acts, No. 13, provided, in pertinent part:

> A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.

> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

Therefore, Mr. Tate and Clean Title sought to have the March 12, 2018 final default judgment declared an absolute nullity, that the defendants be cast for damages in excess of $18,000, that the defendants be compelled to remove the March 12, 2018 final default judgment from the mortgage records of Tangipahoa Parish, that Ms. Irwin be sanctioned and required to pay all attorney's fees and court costs for these proceedings, that the defendants be cast for any other associated costs and losses, and any other remedy consistent with the facts and law.

In response to this petition, Ms. Irwin and PP&I filed a peremptory exception raising the objection of no cause of action.[7] Therein, Ms. Irwin and PP&I maintained that Mr. Tate and Clean Title failed to state a cause of action against them for damages because they were entitled to qualified immunity, having acted on complete authority at all times, and La. C.C.P. art. 863 does not provide a private cause of action. Accordingly, Ms. Irwin and PP&I sought the dismissal of all claims against them. After a hearing and by judgment signed on February 14,

---

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

* * *

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

[7] In addition, Ms. Johnson, Ms. Irwin, and PP&I also filed an answer generally denying the allegations of the petition and asserting various affirmative defenses.

2019, the trial court sustained the objection of no cause of action and allowed Mr. Tate and Clean Title twenty days to amend their petition. See La. C.C.P. art. 934.[8]

On February 19, 2019, Mr. Tate and Clean Title filed a first supplemental and amended petition. Therein, Mr. Tate and Clean Title alleged that during the confirmation of default, Ms. Irwin represented to the trial court that proper service had been obtained on Mr. Tate and Clean Title and that when she filed the final default judgment, she certified to the trial court that the judgment was warranted by existing law and supported by the evidence. Mr. Tate and Clean Title further alleged that since service was not proper, Ms. Irwin and PP&I violated Rule 3.3(a)(1) and (3) of the Louisiana Rules of Professional Conduct[9] and La. C.C.P. art. 863.

Again, Ms. Irwin and PP&I responded with a peremptory exception raising the objection of no cause of action, maintaining that Mr. Tate and Clean Title failed to state a cause of action against them for damages because neither La. C.C.P. art. 863 nor the Louisiana Rules of Professional Conduct provided for a private cause of action. Accordingly, Ms. Irwin and PP&I again sought the

---

[8] Louisiana Code of Civil Procedure article 934 provides:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

[9] Rule 3.3(a) of the Louisiana Rules of Professional Conduct, entitled "Candor Toward the Tribunal," provides, in pertinent part:

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

* * *

(3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures including, if necessary, disclosure to the tribunal. ...

5

dismissal of all claims against them. After a hearing on July 2, 2019, the trial court signed a judgment on July 17, 2019 sustaining the objection of no cause of action and dismissing, with prejudice, all claims raised by Mr. Tate and Clean Title against Ms. Irwin and PP&I.[10] From this judgment, Mr. Tate and Clean Title have appealed.

On appeal, Mr. Tate and Clean Title contend that the trial court erred in sustaining the objection of no cause of action because **Penalber v. Blount**, 550 So.2d 577 (La. 1989) provides them a direct cause of action against Ms. Irwin and PP&I for damages.

## LAW AND DISCUSSION

The function of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy based on the facts alleged in the pleading. **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1235 (La. 1993). No evidence may be introduced to support or controvert the objection of no cause of action. La. C.C.P. art. 931. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true. **Everything on Wheels Subaru, Inc.**, 616 So.2d at 1235. Furthermore, the facts shown in any documents annexed to the petition must also be accepted as true. **Cardinale v. Stanga**, 2001-1443 (La. App. 1st Cir. 9/27/02), 835 So.2d 576, 578; see also La. C.C.P. art. 853 (providing that "a copy of any written instrument that is an exhibit to a pleading is a part thereof.") Notably, however, conclusions of law asserted as facts are not considered well-pled allegations of fact, and the correctness of those conclusions is not conceded. **Hooks v. Treasurer**, 2006-0541 (La. App. 1st Cir. 5/4/07), 961 So.2d 425, 429, writ denied, 2007-1788 (La. 11/9/07), 967 So.2d 507.

---

[10] The trial court's judgment did not dismiss any of the claims of Mr. Tate and Clean Title against Ms. Johnson for nullity of the final default judgment. See La. C.C.P. art. 1915(A)(1).

An appellate court conducts a *de novo* review of a trial court's ruling sustaining a peremptory exception raising the objection of no cause of action because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. **Industrial Companies, Inc. v. Durbin**, 2002-0665 (La. 1/28/03), 837 So.2d 1207, 1213.

As set forth above, the claims of Mr. Tate and Clean Title against Ms. Irwin and PP&I are premised on their contention that service of process on them was improper in the negligent title work suit; hence, Ms. Irwin and PP&I violated Rule 3.3(a)(1) and (3) of the Louisiana Rules of Professional Conduct when she confirmed the default and violated La. C.C.P. art. 863 when the final default judgment was submitted to the trial court.

Louisiana Code of Civil Procedure article 863 applies to the signing or certification of "pleadings" and the sanction for the violation thereof. In a civil case, pleadings "shall consist of petitions, exceptions, written motions, and answers." La. C.C.P. art. 852. Notably, the submission of a "judgment" to the trial court is not a "pleading" to which La. C.C.P. art. 863 is applicable. See **Hord v. Hord**, 2019-0704 (La. App. 1st Cir. 2/21/20), ___ So.3d ___, ___. Furthermore, La. C.C.P. art. 863 does not create a private cause of action, but is rather a remedial tool available to the court. See **Montalvo v. Sondes**, 93-2813 (La. 5/23/94), 637 So.2d 127, 131 n.6.

The Louisiana Rules of Professional Conduct establish minimum standards for the ethical conduct of attorneys not only in their relations with their own clients, but with adversaries, opposing attorneys, the public, and the courts. **Teague v. St. Paul Fire & Marine Ins. Co.**, 2006-1266 (La. App. 1st Cir. 4/7/09), 10 So.3d 806, 824, writ denied, 2009-1030 (La. 6/17/09), 10 So.3d 722. Absent malice, the breach of an ethical duty to a client's adversary does not create an actionable duty enforceable in tort. *Id.*, citing **Montalvo**, 637 So.2d at 130 and

7

**Penalber**, 550 So.2d at 581. Similarly, absent very unusual circumstances, an attorney's breach of a rule imposing a duty relating to the general public does not vest a non-client with a delictual cause of action against an attorney. **Teague**, 10 So.3d at 824, <u>citing</u> **Spencer v. Burglass**, 337 So.2d 596 (La. App. 4th Cir. 1976), <u>writ denied</u>, 340 So.2d 990 (La. 1977).

In **Penalber**, 550 So.2d at 578, attendant to an automobile accident, the plaintiff obtained a judgment against the Livingston Parish Police Jury ("police jury") in the amount of $14,500 plus legal interest from judicial demand. After unsuccessfully attempting to voluntarily collect on the judgment, her attorney undertook coercive collection efforts. *Id.* However, the police jury obtained a protective order on the basis that its assets were not capable of being seized. *Id.* The plaintiff's attorney then discovered that an oil and gas company held police jury assets consisting of mineral lease royalties, and he subsequently commenced garnishment proceedings, without notice to the policy jury, and obtained over $30,000 from the oil and gas company. **Penalber**, 550 So.2d at 578-579. The plaintiff's attorney remitted the sum owed to his client and kept the remainder as his fees and costs. **Penalber**, 550 So.2d at 579. The police jury then sued the plaintiff, her attorney, and the oil and gas company for the wrongful seizure of public funds, and ultimately, the plaintiff and her attorney were determined to be solidarily liable for the return of the funds seized. **Penalber**, 550 So.2d at 579-580. Throughout the litigation and on appeal, the plaintiff's attorney maintained that the police jury had no cause of action against him because he was acting on his client's behalf, and the plaintiff ratified the wrongful seizure by retaining the portion of the funds distributed to her. **Penalber**, 550 So.2d at 580-581.

On review of the matter, the Louisiana Supreme Court observed:

> Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client's adversary when acting on his client's behalf. A non-client, therefore, generally cannot

8

hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation. The intent of this rule is not to reduce an attorney's responsibility for his work, but rather to prevent a chilling effect on the adversarial practice of law and to prevent a division of the loyalty owed a client.

**Penalber**, 550 So.2d at 581(citations omitted.).

In **Penalber**, the Supreme Court observed that the plaintiff did not instigate or pursue the tortious conduct. Rather, the plaintiff's attorney devised the plan to garnish the oil and gas mineral lease royalties belonging to the police jury, and then acted upon it, after having been made aware the police jury's assets were exempt from seizure and that such seizure would violate the constitution and statutory provisions of this state, without providing the police jury with proper notice and service of the seizure. Further, the seizure, ostensibly made for the plaintiff's benefit, was also self-serving, as payment for the plaintiff's attorney's contingency fee rested on the satisfaction of the judgment obtained against the police jury.

Accordingly, the Supreme Court determined that intentionally tortious actions, ostensibly performed for a client's benefit, should not shroud an attorney with immunity. **Penalber**, 550 So.2d at 582. Consequently, the Supreme Court held that even though an attorney does not generally owe a duty to his client's adversary, under the broad ambit of La. C.C. art. 2315, an attorney may be held personally accountable for his intentionally tortious conduct. *Id.* Thus, although **Penalber** re-affirmed the basic premise that an attorney acting on behalf of his client may not be sued by an adversary based on negligence or malpractice, a cause of action could be asserted against an attorney based on an intentional tort. See *Id.*

However, in order to state a cause of action for an intentional tort in the context of an attorney's actions, it is essential for the petition to allege facts showing specific malice or an intent to harm on the part of the attorney in

persuading his client to initiate and continue the suit. **Montalvo**, 637 So.2d at 130. For example, in **Penalber**, the Supreme Court found the facts of the petition indicated that the plaintiff's attorney acted with full knowledge that his conduct would cause direct harm to the adverse party because the petition asserted that the plaintiff's attorney *knew* that he was violating prohibitory laws when he seized public assets and alleged intentional, calculated misconduct performed for the benefit of both the plaintiff's attorney and the plaintiff. **Penalber**, 550 So.2d at 582. See also **Montalvo**, 637 So.2d at 130.

Given these legal precepts, based on our review of the allegations of the petition, as amended, and accepting those allegations of fact as true for purposes of the objection of no cause of action, we cannot say that Mr. Tate and Clean Title have stated a cause of action against Ms. Irwin and PP&I. Neither La. C.C.P. art. 863 nor the Louisiana Rules of Professional Conduct provide a private direct cause of action against an opposing party's attorney for damages or any other remedy. Furthermore, to the extent that Mr. Tate and Clean Title maintain that the supreme court's holding in **Penalber** provides them with a cause of action against Ms. Irwin and PP&I, we find the petition does not allege facts sufficient to state a cause of action in intentional tort. The petition, as amended, merely alleges that Ms. Irwin and PP&I misrepresented to the trial court that service was proper and that a default judgment was warranted. Furthermore, according to the documents annexed to the plaintiff's petition, Ms. Irwin simply recited to the trial court what was reflected in the sheriff's return on service of the citation, which is considered prima facie correct. See La. C.C.P. art. 1292(A).[11] Hence, the allegations of the amended petition and the documents annexed to the petition fall short of actions manifesting malice or an intent by Ms. Irwin and PP&I to cause harm to Mr. Tate

---

[11] We note that at the trial of the petition for nullity against Ms. Johnson, Mr. Tate and Clean Title will have the opportunity and the burden to prove that the sheriff's return of service of citation was incorrect.

10

and Clean Title. Accordingly, we find that the trial court correctly sustained Ms. Irwin and PP&I's peremptory exception raising the objection of no cause of action.[12]

## CONCLUSION

For all of the above and foregoing reasons, the July 17, 2019 judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiffs/appellants, Walton T. Tate and Clean Title, LLC.

**AFFIRMED.**

---

[12] Mr. Tate and Clean Title were already afforded the opportunity to amend their petition. Since there are no additional facts that can be pleaded or established to provide them with a claim against Ms. Irwin and PP&I, the grounds for the objection of no cause of action cannot be removed by amendment of the petition. Therefore, it is unnecessary to permit Mr. Tate and Clean Title another opportunity to amend their petition.